STATE OF MISSOURI *ex rel.* AUGUST SPORLEDER, Appellant, v. PATRICK M. STAED *et al.*, Respondents.

### St. Louis Court of Appeals, March 10, 1896.

1. **Conversion:** TAKING OF PROPERTY OF STRANGER TO WRIT: ESTOPPEL IN PAIS. When property is taken under a writ in the presence of a third person who is in possession of it under a claim of title, but the officer taking it acts in ignorance of such claim, and such third person, with every reason to believe that he is regarded merely as the bailee of the defendant to the writ, fails to in any manner disclose his claim of title to the officer, and, moreover, virtually consents to the taking of the property, he is estopped from asserting that the taking was tortious.

:2. ——: ——: EFFECT OF DEMAND. Nor will the taking be rendered tortious by the failure of the officer to return the property upon subsequent demand therefor by the person from whom it was thus taken, if at the time of such demand it was not within his power to comply therewith.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Mills & Grant* for appellant.

*Laughlin & Tansey* and *Dawson & Garvin* for respondents.

ROMBAUER, P. J.—The suit is upon the sheriff's official bond for conversion of the relator's property. Touching the facts of the case there is no substantial controversy, and the only question of law arising on this appeal is whether, on the uncontroverted facts, and the inferences which may reasonably be drawn from them, the court trying the case was justified in declaring *as a matter of law* that the plaintiff could not recover.

The facts briefly stated are these: One Pearce, being largely indebted to the relator, executed to him a chattel mortgage covering among other things twenty-three rolls of leather. The leather thus mortgaged was bought by Pearce one or two days preceding the execution of the mortgage from N. R. Allen & Son. The latter, learning of the record of the mortgage, sued out a writ of replevin, presumably on the ground that, the purchase being fraudulent, the title of Pearce to the leather was voidable. Pearce was named as the sole defendant in the writ. This writ was placed in the hands of the sheriff's deputy, who proceeded with it to the relator's place of business, and inquired of the rela-

tor whether the leather was there. The relator told the deputy to examine for himself. The deputy exhibited the writ and the relator, after examining it, said he would like to consult with his attorney. He telephoned for his attorney, who came, examined the papers and told the deputy to go ahead. The deputy thereupon removed the leather, the relator and his porter rendering friendly assistance, and delivered it to N. R. Allen & Son. The next day the relator's attorney called at the sheriff's office and demanded the return of the leather, claiming that the relator was the owner of it by virtue of his mortgage. The sheriff sent word to Allen & Son requesting them to return the leather, which they refused to do.

There is not a tittle of evidence in the case that the sheriff or his deputy were, at any time prior to the delivery of the leather to Allen & Son, notified by any one, or even that they had reasonable grounds to believe, that the leather mentioned in the writ was claimed by the relator. There is no pretense that either the relator or his attorney, at any time prior to the delivery of the leather to Allen & Son, by word or act asserted any title in the relator. All the testimony is compatible with a belief on part of the sheriff, that the leather was in possession of the relator as bailee of Pearce.

We have stated the facts thus fully, because we wish to avoid the possibility of a misapprehension of the point on which we rest our decision. The law is well settled that the levy of a writ against *A.* on property in the possession of *B.* is *prima facie* wrongful as against *B.* The possession of the property by a person not named in the writ is sufficient notice to the officer that he must act at his peril. That rule is elementary, and supported by many cases in this state. *State v. Moore*, 19 Mo. 369; *Merchants Bank v. Abernathy*, 32

Mo. App.. 211; *Robertson v. Hope*, 88 Mo. 430; *Palmer v. Shenkel*, 50 Mo. App. 571. But possession can be tantamount to notice of ownership only when the acts of the party in possession do not rebut the presumption. If the person in possession is present when the levy is made, and he has every reason to believe that he is looked upon by the officers as a mere bailee for the defendant in the writ, it is his duty to speak and by word or act manifest the character of his possession. No stronger case than the present one of an estoppel by matter *in pais* can arise. Had the relator in the case at bar told the deputy: "Here are some rolls of leather belonging to Pearce; levy your writ upon them," would anyone contend that he would not be estopped from charging the officer in trespass for doing so. What is the difference between that case and the one here where the officer says: "I have a writ for certain rolls of leather in the possession of Pearce," and the relator answers: "Here they are, you can remove them." In the case of *Wise v. Jefferis*, 51 Fed. Rep. 641, on which the appellant mainly relies, there was distinct notice to the officer by the party in possession that he claimed the goods.

Nor can the relator derive any benefit from the fact that he demanded the return of the goods the next day, and after the sheriff had turned the same over to Allen & Son. Had such demand been made prior to the delivery of the goods to Allen & Son, a subsequent delivery by the officer to the latter would have been tortious as against the relator, provided the relator was the true owner. We are not aware, however, how an act valid at the time can subsequently become tortious, simply because the party charged has failed to do something which he was powerless to do.

The case, therefore, is simply this: The officer's

seizure and removal of the goods was not tortious, because in contemplation of law it was done with relator's consent. The officer's failure to return the goods was not tortious, because their delivery was lawful and he was powerless to retake them against the consent of the plaintiff in replevin. All the judges concurring, the judgment is affirmed.