MINNA KUCH (Poor Person), Appellant, v. HENRY L. CORNETT et al., Respondents.

St. Louis Court of Appeals, April 4, 1899.

Replevin of Negotiable Promissory Note: OWNER: PRACTICE, TRIAL.   In the case at bar the law would annex the right of possession to the ownership of the note.   When plaintiff indorsed the note in blank and delivered it to Mosse, she clothed him with the possession and apparent title to it.   Held, that when defendant purchased from him before maturity and without notice, they not only acquired possession, but full title to the instrument; held, further, that the above facts appearing in plaintiff's case the court did not err in instructing the jury that plaintiff could not recover.

*Appeal from the St. Louis City Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

FREDERICK A. WIND for appellant.

The court erred in sustaining demurrer to the evidence. The proof showed clearly that the notes and deed of trust were obtained from Mrs. Kuch by fraud, and that threw the burden upon defendants of showing that they bought for value and without notice. Hamilton v. Marks, 63 Mo. 178; Johnson v. McMurry, 72 Mo. 278; Henry v. Sneed, 99 Mo. 407. The proof shows that defendants have parted with no value. They issued a check payable to Mrs. Kuch which never reached her and was paid by the bank without her indorsement. The bank therefore, is not entitled to charge this check against defendant's account. Wind v. Bank, 39 Mo. App. 72; McKeen v. Bank, 74 Mo. App. 281. The defendants bought with notice that Mrs. Kuch was the owner of the securities, which is witnessed by their check payable to her order. The purchase was not made in good faith, which is established by the fact that they bought at a discount of fifteen per cent when such paper sells readily at par or at least less a commission of two and one-half per cent. Vosburgh v. Dieffendorff, 119 N. Y. 357; Bank v. ———, 123 N. Y. 191. By the fact that the check was made payable to Mrs. Kuch, thereby showing a purpose that the whole transaction was subject to approval of Mrs. Kuch.

SALE & SALE for respondents.

Suspicion on the part of the taker of negotiable paper of a defective title in the prior holder, or knowledge on his part of circumstances which would excite suspicion thereof in the mind of a prudent man, or gross negligence on the part of such

taker at the time of the transfer to him, will not defeat his title. That result can be produced only by bad faith on his part. Hamilton v. Marks, 63 Mo. 167; Johnson v. McMurry, 72 Mo. 278; Franklin Savings Inst. v. Heinsman, 1 Mo. App. 336. The burden of proof lies on the person who assails the right claimed by the party in possession. Goodman v. Simonds, 20 Howard, 343. The notes in controversy, being indorsed in blank by Minna Kuch, the payee, and thereby made payable to bearer, and the possession being entrusted by her to Mosse, plaintiff is estopped from denying his authority to dispose of the notes, as against the defendants, who dealt with Mosse in ignorance of the private understanding between plaintiff and Mosse. See cases cited under point II. The certification of the check given by defendants for the notes in controversy was payment, so far as defendants are concerned. 2 Daniel on Neg. Inst. [3 Ed.], p. 614, sec. 1601a.

BOND, J.—Plaintiff was the owner of a principal note for $2,000, due three years after date, and twelve quarterly interest notes for $30, all dated August 30, 1897, and all payable to her order and secured by deed of trust on real estate. She was engaged to marry one John H. Mosse and indorsed the notes in blank and delivered them to him to be placed for safety in his box in a safe deposit company. In violation of such agreement on his part he sold and delivered the notes to defendants for their certified check for $1,700, payable to plaintiff's order, forged plaintiff's indorsement on the check, received its proceeds, and decamped. These facts were shown by plaintiff on the trial of an action of replevin for the notes. The court sustained defendants' demurrer to the evidence and plaintiff took a nonsuit with leave, and her motion to set aside being overruled appealed to this court.

It is plain that in a suit by the holder of a negotiable note the *prima facie* case made by the introduction in evidence of the note properly indorsed may be met by proof that it was founded on illegality or fraud, whereupon the holder should

adduce evidence that it was acquired by him in the usual course of trade, that is before maturity for value and without notice of any infirmity, after which it could only be impeached by evidence of specific facts impugning the title of the holder. Smith v. Mohr, 64 Mo. App. 39; Campbell v. Hoff, 129 Mo. 317; Johnson v. McMurry, 72 Mo. 282; Hamilton v. Marks, 63 Mo. loc. cit. 181; 1 Dan. on Neg. Inst. [3 Ed.], sec. 815. The reason of the rule being, that a contract illegally or fraudulently obtained should not be enforced against the promisor, unless it is shown that the party seeking to recover thereon acquired title in good faith and for value, in which event the law merchant forbids any inquiry into the consideration of the instrument. In the case at bar the note for which replevin is brought was not founded on fraud nor illegality, but was in all respects a valid and enforcible contract. Neither was this a suit on the note where the holder gave evidence merely of possession by indorsement to which there was no counter proof of illegality or fraud in the execution of the note. The question presented by this action is to whom does the note belong? For under the facts before us the law would annex the right of possession to the ownership of the note. This question is easily answered. When plaintiff indorsed the note in blank and delivered it to Mosse, she clothed him with the possession and apparent title to it. When defendant purchased from him for value before maturity and without notice, as has been shown by the proof adduced by plaintiff, they not only acquired possession, but full title to the instrument, and these facts appearing in plaintiff's case the court did not err in telling the jury that she was not entitled to recover. Its ruling is affirmed. All concur.