THE STATE EX REL. AMERICAN ASPHALT ROOF CORPORATION v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.— 44 S. W. (2d) 1103.

Court en Banc, January 4, 1932.

496

Gossett, Ellis, Dietrich & Tyler and L. L. Watts for relator.

J. F. O'Sullivan and J. W. Kachelhofer for respondents; O. H. Stevens of counsel.

RAGLAND, J.—Certiorari. In this proceeding relator seeks to have quashed the opinion and judgment of the Kansas City Court of Appeals in the case of American Asphalt Roof Corporation, a corporation, appellant, v. Mollie V. Marler, L. W. Marler and D. G. Marler, respondents, on the grounds that its decision in said cause is in conflict with the decisions of this court.

The facts of the case considered by the Court of Appeals, and its ruling with respect to them, sufficiently appear from the following excerpts taken from its opinion:

"The American Asphalt Roof Corporation [relator here] obtained a judgment against L. W. Marler, and later also had judgment against his wife, Mollie V. Marler, upon the same debt, to satisfy which an execution was issued and levy made on a certain automobile as the property of the wife. The sheriff took possession of the car August 12, 1929. On the same day L. W. Marler and D. G. Marler, his son, filed a joint affidavit and claim with the sheriff, in which it is alleged that the automobile in question is the property of affiants, subject to a mortgage; that D. G. Marler was the owner of another car which was traded for the car in question and paid substantially all that has been paid on the purchase price; that although the title or bill of sale to the car in question was taken in the names of L. W. Marler, Mrs. L. W. Marler (Mollie V. Marler), and D. G. Marler, the said Mrs. L. W. Marler in truth and in fact has no right, title or interest therein; that the bill of sale was taken in the names of the three persons as a matter of convenience. . . .

"After claim of ownership was filed, plaintiff furnished an indemnifying bond to the sheriff and claimants, and the sheriff re-

tained possession upon failure of claimants to present a forthcoming bond. At the request of plaintiff there was advertisement of execution sale, and on the day set for sale it was announced by the plaintiff that the car was mortgaged and that it was proposed to sell only the equity of redemption. Upon this announcement the sheriff declined to sell. Thereafter a subsequent advertisement of sale was had and the deputy sheriff in charge again refused to sell. The attorney for plaintiff, in behalf of some one undisclosed by the record, purchased the note and chattel mortgage from the finance company and paid therefor the sum of $961.62, took possession of the automobile from the sheriff, and later sold the car under the terms of the chattel mortgage. The sheriff made return that he had delivered the car to the mortgagee. Previous to the sale of the note the finance company had requested possession of the car and had drawn up a notice of lien for the sheriff. . . .

"At the time of trial the sheriff had surrendered possession of the car, according to his return, and apparently upon request of plaintiff's attorney alone, and without any application to the court or order therefor. . . .

"The answer to this claim [D. G. Marler's] was a general denial, and a further plea [of estoppel.] . . . ·

"Upon the issues thus made, and by stipulation, the case was heard and tried by the circuit judge without a jury. No findings of fact or declarations of law were made except the findings shown in the judgment. The judgment recites that upon a trial of the issues between plaintiff and claimants the court finds that the car in question levied upon as the property of Mollie V. Marler is in fact the property of claimant D. G. Marler, and further finds the levy and seizure wrongful and unlawful as to said claimant; 'and the court further finds said car has not been restored to said claimant and that his interest therein, which the court finds to have been of the value of $314, has been lost, dissipated and converted as to him by virtue of said wrongful and unlawful levy and seizure.' It was ordered, adjudged, and decreed that the claimant, D. G. Marler have judgment against the sheriff and the plaintiff and the sureties upon its indemnifying bond filed with the sheriff in the sum of $314. . . .

"The sole remaining question, and the decisive one in the case, is whether the court had power to inquire into the value of the interest of the owner and award a money judgment under the state of facts presented. . . .

"Under the state of facts in this case, we hold that the sections of the statute in question do not prohibit a money judgment for claimant; that the direction of Section 1185, Revised Statutes 1929, for an order to deliver the property assumes that the facts will

show that the property is in possession of the sheriff, and that this provision does not exclude any other appropriate order or judgment called for by the position of the parties or the possession of the property at the time of trial. The judgment should be affirmed.''

The ruling just set forth is the one against which relator lodges its complaint. It is peculiarly worded. If the Court of Appeals by couching it in the form it did meant to hold that the court, in a special statutory proceeding, may make any order or render any kind of a judgment it deems appropriate, unless the statute creating the proceeding ''prohibits'' it, its holding contravenes practically everything that has been written on the subject by this court. We are sure, however, that our learned brethren do not wish it to be so understood, for the statute in question creates a proceeding unknown to the common law and confers a new jurisdiction. We shall therefore treat their opinion as holding that the statute *authorizes* the court, on the facts stated, to enter a money judgment in favor of the claimant.

The decision of this court which relator stresses as having been contravened by that of the Court of Appeals is found in State ex rel. v. McBride, 81 Mo. 349. In that case plaintiff brought an action against a sheriff and his sureties, upon his official bond, for the value of certain zinc ore owned by plaintiff, but which had been seized and sold by the sheriff under an execution directed against the property of another. The facts were briefly these: Following the levy upon the ore, the plaintiff delivered to the sheriff his verified written claim, in accordance with what is now Section 1184, Revised Statutes 1929; in response to the claim, the execution creditor delivered to the sheriff an indemnifying bond, conditioned as provided by the statute; thereafter, the plaintiff not executing a forthcoming bond, the sheriff sold the ore at execution sale. The principal question in the case was whether the common law action which plaintiff was pursuing had been superseded by the summary proceeding created by the statute now known as Sections 1184 and 1185, Revised Statutes 1929. The court held that the common law right of action was not so superseded. One of the grounds upon which it based its decision was that the statute just referred to did not afford the claimant in all circumstances an adequate and complete remedy. It reached that conclusion through its construction of the statute. In such construction it held that the statute was unyielding in its directions regarding ''the nature and form of the judgments to be rendered'' pursuant to its provisions, and that, because of the limitations prescribed by it touching the nature and form of the judgment, such judgments would in many cases be wholly ineffectual. As illustrating, it said: ''It declares that 'if the judgment shall be in favor of the claimant, the court shall by its order

direct the officer to release such property to the claimant, and shall enter judgment for costs against the execution creditor and his sureties.' If the property has not been bailed by the claimant, and the officer has gone on and sold it, as in this case, what good will the order of release and judgment for costs against the execution creditor and his sureties be to the claimant. A suit of some kind would be necessary in order to realize anything on his claim.''

With the construction of the statute necessarily implied in the case just considered that of the Court of Appeals in the case under review is wholly out of harmony.

Further, the Court of Appeals by the construction it has placed upon the statute has, in effect, engrafted upon the special proceeding created by it a common law action for damages for the wrongful taking and conversion of personal property. In doing so it has violated principles of statutory construction which constitute the basis of many decisions of this court: ''The primary rule for the interpretation of statutes is that the legislative intention is to be ascertained by means of the words it has used.'' [Grier v. Railways Co., 286 Mo. 523, 534, 228 S. W. 454.] The courts cannot enlarge and change the scope of statutes. [State ex rel. v. Holtkamp, 266 Mo. 347, 181 S. W. 1007.] A court has no authority to write into a statute a provision not covered by its language. [Stephens v. Gordon, 266 Mo. 206, 181 S. W. 73; Orthwein v. Insurance Co., 261 Mo. 650, 170 S. W. 885.] Even though ''a statute may be remedial in its nature and hence subject to liberal construction, such construction cannot extend beyond its plain terms.'' [Braeuel v. Reuther, 270 Mo. 603, 193 S. W. 283.] The language of the statute in question is plain and unambiguous. There is nothing in its nature or in its relation to the body of the statute and common law existing at the time of its adoption to justify a search for the legislative intent outside of the language employed in the enactment. On its face it plainly provides a simple proceeding for the determination of the right of property. Such determination may render unnecessary a common law action: on the sheriff's official bond, or on the indemnifying bond given by the execution creditor. But where the mere determination of the right of property, under the facts of a given case, does not afford full relief, the claimant should not resort to the special proceeding, for it neither aids nor supplants the common law remedy. [State ex rel. v. McBride, supra.]

The Court of Appeals' ruling being in conflict, in the respects indicated, with decisions of this court, its judgment and opinion should be quashed. It is so ordered. All concur.