GREENE COUNTY BUILDING & LOAN ASSOCIATION, APPELLANT, v. S. L. CANTLEY, COMMISSIONER OF FINANCE OF THE STATE OF MISSOURI, IN CHARGE OF THE LIQUIDATION OF THE BLOOMFIELD BANK & TRUST COMPANY, RESPONDENT.—62 S. W. (2d) 931.

Springfield Court of Appeals. August 19, 1933.

15

*Hamlin, Hamlin & Hamlin* for appellant.

*Wammock & Cooper* for respondent.

BAILEY, J.—This is a suit for preference by the Greene County Building & Loan Association, of Springfield, Missouri, against the assets of the Bloomfield Bank & Trust Company, engaged in the general banking business, which closed its doors on the 2nd day of December, 1930, and was taken in charge by the Commissioner of Finance for the State of Missouri, for liquidation and settlement of its affairs. The claim was duly and properly filed with the Commissioner of Finance, who allowed the claim as a general claim only. This cause was then filed in circuit court and on due trial judgment was for defendant and plaintiff has appealed.

Plaintiff's right to a preference is based upon the following allegations in its petition, to-wit: "Plaintiff says that long prior to the 2nd day of December, 1930, it had employed and appointed the Bloomfield Bank & Trust Company, as its agent and representative at Bloomfield, Missouri, with authority to said Bank to collect from members of the plaintiff any and all dues and interest due plaintiff from said members, and agreed to pay the said Bank as remuneration for such services one and one-half per cent on all sums so collected, and said Bank was to furnish and did furnish plaintiff with a statement each month of all sums so collected, said statement being made on prepared forms used by plaintiff, and upon receipt of said statement from the Bank plaintiff drew a draft monthly for the amount so reported; less the commission of one and one-half per cent paid as aforesaid.

"That on the 2nd day of December, 1930, when said Bank closed its doors it had in its possession money received as aforesaid as plaintiff's agent, in the sum of $530.69, which money was on said date and is now the sole property of plaintiff."

The evidence tended to prove that the Bloomfield Bank & Trust Company was engaged in the general banking business at Bloomfield, Missouri, for a long time prior to the 2nd day of December, 1930, when it closed its doors and was turned over to the State Finance Commissioner. At that time said Trust Company had in its possession the sum of $530.69 deposited to the credit of the Greene County Building & Loan Association. It further appears that plaintiff had a number of stockholders residing in and near Bloomfield; that said stockholders paid plaintiff monthly interest and dues on their stock and made said payments through defendant bank under an agreement by which the bank received said collections for plaintiff at the window and deposited them as received to the credit of plaintiff; that said bank made daily reports of the collections on blanks furnished by plaintiff for that purpose and at the end of each month plaintiff drew a draft against defendant bank for the total amount collected during the month less one per cent commission paid defendant bank for receiving the collections and making reports as aforesaid. The evidence further shows that plaintiff had the sole right to draw against the fund so deposited, but no checks were drawn at any time except the monthly draft and commission check. The treasurer of the Trust Company testified, however, that the Trust Company would have honored a check drawn by plaintiff at any time during the month and that the fund was not kept segregated from other moneys in the bank but was all intermingled. The trial court, in denying the preference, reasoned as follows: "The funds were mingled together and there is no trust relationship that I can see. It was just a convenient way of collecting their money. The Association would have probably been better off if they had a bond for the deposit. The agency wouldn't give them a preference for that money but the trust relationship would have. I think without the trust relationship you wouldn't be entitled to preference. If you had left that money there in trust it would have been left to some specific purpose."

Plaintiff takes the position that under the terms of the agreement between it and the trust company, by which the latter received the collections from plaintiff's stockholders, made daily reports, honored the monthly draft and deducted one per cent commission for its services, the relationship of principal and agent was established and not that of debtor and creditor and that therefore plaintiff was entitled to a preference under the authority of Federal Reserve Bank v. Millspaugh, 282 S. W. 706; Commerce Trust Co. v. Farmers Exchange Bank, 52 S. W. (2d) 406. The legal principle announced in

those cases is thus stated in the Millspaugh case, "When a note, check or a draft is forwarded by one bank to another, bearing a restrictive indorsement, 'for collection and remittance,' under directions to collect and forward the proceeds to the sender, the relationship of principal and agent is created and not that of debtor and creditor. The funds thus collected are held to constitute a trust fund and entitled to a preference over the claims of general creditors." We think the facts in this case fall far short of bringing it within the rule above set forth. It is true that the bank was the agent of plaintiff for the purpose of permitting stockholders to make their payments due plaintiff at defendant bank. But the agency went no further. The bank was not required to collect and remit at once as in the Millspaugh & Commerce Trust Company cases, supra, but after collecting the money, deposited it to the credit of plaintiff with its authority and full knowledge. The agency was for collection only and not for remittance. It was no different than if some other agent, wholly disconnected with the bank, had made the collections and deposited same in the bank to the credit of plaintiff association. It is well understood that all deposits are either general or special and that the presumption is the deposit is general. [Butcher v. Butler, 134 Mo. App. l. c. 69, 114 S. W. 564.]

We have recently held, following a long line of decisions, that to make a deposit a special one the particular money or thing must be understood to be returned to the depositor; or that the money deposited must by the agreement be used for a specifically designated purpose; or that the deposit must have been wrongful or illegal. [Fred A. Boswell Post v. The Farmers State (not yet reported).]

This case does not fall under any one of those heads. Defendant Bank, as agent for plaintiff, deposited the money collected to the credit of plaintiff with the right to check against the account at any time. The mere fact that plaintiff did not exercise that right but checked against the account only at the end of each month would not change the relationship. Had the defendant bank collected the money, and held the same intact as a trust fund, the result would have been different. We therefore conclude that the deposit was a general one and did not entitle plaintiff to a preference over the claims of other depositors. The judgment should be affirmed. It is so ordered. *Allen, P. J.,* and *Smith, J.,* concur.