McCLUSKEY AND M. M. McCLUSKEY, DOING BUSINESS AS FASHION ᴺANERS, LAUNDRIES AND DYERS, APPELLANTS, v. FRED DE LONG, ᴼNDENT.—198 S. W. (2d) 673.

City Court of Appeals. Opinion filed November 18, 1946

D. F. *Calfee* and *Scott Peters* for appellants.

1028

*Lauf & Bond* for respondent.

BLAND, J.—This is an action for the replevin of an automobile truck and equipment. The plaintiffs gave bond, the property was turned over to them by the sheriff and they were in possession of the same at the time of the trial. The petition alleges the value of the property sought to be recovered to be $350 and asks damages in the sum of $100 for its wrongful detention. Defendant filed a general denial and also a counterclaim wherein he sought to recover $245.70 for labor and materials furnished in repairing the truck in controversy. He did not ask for the enforcement of a lien. There was a verdict and judgment against the plaintiffs on their cause of action and in favor of the defendant, on his counterclaim, in the sum of $245.70. Plaintiffs have appealed.

Plaintiffs are brothers engaged in the cleaning, laundry and dying business. Defendant is engaged in the blacksmith and welding business. Plaintiffs were the owners of the truck in question which had been damaged in a wreck and needed repairing. The plaintiff, E. A. McCluskey, entered into an oral agreement with the defendant to repair the damaged truck. According to the evidence of the plaintiffs the cost of the labor and materials was not to exceed $300, which was to include the wages of a helper, whom the plaintiffs were to pay. According to the evidence of the defendant, "there wasn't anything said about an agreement on the price".

The damaged truck was delivered to defendant's place of business and, after it had been there for some time, a controversy arose between the said McCluskey and the defendant regarding the amount to be paid by plaintiffs for the repairs on the truck. At this time the work on the truck had not been completed. Plaintiffs had paid the defendant the sum of $140 and to his helper $124.50. There was no written order or memorandum given defendant by the plaintiffs for the work. As a result of the controversy regarding the amount to be paid for the repairs, plaintiffs contending that defendant had been overpaid for the work actually done and the defendant contending that the plaintiffs owed him a balance of $245.70 for work previously done, plaintiffs instituted this action in the circuit court seeking to recover possession of the truck and equipment. According to plaintiffs' evidence the truck is worth $2500 or $3500.

It is insisted by the plaintiffs that the court erred in overruling their demurrer to defendants counterclaim, their motion for a directed verdict, and in the giving of certain instructions on behalf of the defendant and the refusal of instructions on behalf of the plaintiffs, for the reason that defendant was not entitled to recover his counterclaim because he has no lien upon the truck and the equipment, and asked for none in his pleadings; that he has no lien because there was no written memorandum of the work and the materials furnished or to be furnished. Defendant insists that he has such a lien.

In support of this contention plaintiffs cite section 3608 Revised Statutes Missouri 1939, which provides:

"Every person who shall keep or store any vehicle, part of equipment thereof, shall, for the amount due therefor, have a lien; and every person who furnishes labor or material on any vehicle, part or equipment thereof, who shall obtain a written memorandum of the work or material furnished, or to be furnished, signed by the owner of such vehicle, part or equipment thereof, shall have a lien for the amount of such work or material as is ordered or stated in such written memorandum. Such liens shall be on such vehicle, part or equipment thereof, as shall be kept or stored, or be placed in the possession of the person furnishing the labor or material."

We think there is no merit in plaintiffs' contention. This statute, it has been held, does not destroy the common law lien of an artisan who furnishes labor or materials in the repair of a vehicle while he is in the possession of the same. The purpose of the statute is to give the artisan a lien that he did not have at common law, in that, if he secures a written memorandum from the owner stating what is to be done, then the writing will continue the lien after the artisan has parted with its possession, providing a purchaser or other person takes possession with notice of the lien. (Bostic v. Workman, 31 S. W. (2d) 218.) This is a decision by the Springfield Court of Appeals.

Plaintiffs rely upon the case of Butterworth v. Soltz, 204 S. W. 50, a decision by this court denying a lien. A reading of the opinion in that case shows that the owner of a vehicle, after it had been repaired by the defendant, obtained possession of it. (From all the opinion shows this possession was obtained lawfully.) Afterwards the artisan brought an action in replevin, claiming a lien. The artisan had no lien on the vehicle at common law for he had lost the possession of it. The opinion in that case contains language indicating that this court entertained the view that the statute abrogates the common law in reference to an artisan's lien on vehicles. What was said in that connection was not necessary for the determination of the case in view of the fact that the artisan had lost possession of the vehicle and, therefore, had no lien at common law, and none under the

statute, because no written memorandum had been obtained. What was said in that case in reference to the statute repealing the common law is disapproved.

Plaintiffs insist that the matter set forth in the counterclaim constitutes no defense to plaintiffs' cause of action; that no lawful defense was made to the suit and, therefore, 'it is not a proper subject of a counterclaim. The enforcement of a lien was not sought in the counterclaim but it merely asked judgment for the balance due for the work on the truck. It has been held that a counterclaim that does not tend to defeat or diminish plaintiffs' right of recovery of possession of the property does not lie. (Riss & Co. v. Wallace, 171 S. W. (2d) 641, 643.) However, the new code is more liberal to counterclaimants than the old. (See Sections 73, 74 Laws 1943, p. 377.)

Section 73 provides that a counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim". Section 74 provides: "A counterclaim may or may not diminish or defeat recovery sought by opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party." (See Laws of 1943 p. 377.)

Defendant's counterclaim arises out of the transaction or occurrence that is the subject matter of plaintiffs' claim, (McCormick Harvesting Co. v. Hill, 104 Mo. App. 544; DeFord v. Hutchinson, 25 Pac. 641 (Ks.); Judah v. The Trustees of the Vincennes University, 16 Ind. 56; Sekor v. Anderson, 212 Pac. (Wash.) 578) and, under the provisions of section 74, the matter set up in the counterclaim need not diminish or defeat plaintiffs' recovery and the counterclaim may claim relief different in kind from that sought by the opposing party. We think the counterclaim was a proper one in this case.

It is unnecessary for us to decide whether the matter set forth in the counterclaim is sufficient to authorize the enforcement of defendant's lien because it is permissible, under the general denial, to show that the plaintiff is not entitled to the possession of the vehicle replevined because of the lien. (Anthony v. Carp, 90 Mo. App. 387, 393, 394; Young v. Glasscock, 79 Mo. App. 574.) It is insisted by the plaintiffs that the court erred in the giving of an instruction offered by the defendant, which told the jury that, under the facts and cimcumstances submitted in the instructoin, if they found for the defendant "then your verdict should be for the defendant on his counterclaim in such amount as you find and believe from the evidence is due defendant for his work . . . not exceeding a sum in the amount of $245.70."

It is claimed that the instruction is defective, in that, it does not give plaintiffs credit for the sums of money already paid by them to defendant and his helper, amounting to $264.50, as the instruction

has the jury find for the defendant . . . . . "in such amount" as "is due defendant".

There was an instruction given on behalf of the plaintiffs which told the jury that if they found for the defendant upon his counterclaim, in determining the amount, they should take into consideration "the payments that have already been made to defendant by the plaintiffs".

We think the jury, in reading the two instructions together, would not be misled into believing that the plaintiffs are not entitled to the credit claimed by them. Defendant's evidence shows that, after giving credit to the plaintiffs for the amounts claimed, there was a balance due him of $245.70, which was the amount mentioned in defendant's instrction and found, by the jury, to be due him.

In order to prove the items of account set forth in his counterclaim defendant introduced in evidence a statement of account, which was taken by defendant's bookkeeper from his ledger book. The ledger was in existence at the time of the trial. It is insisted that this statement was improperly admitted in evidence, but we fail to find that any objection was made to its introduction, so this point is ruled against plaintiffs.

The verdict reads: "We the jury find the issues for Defendant on his counterclaim and against the plaintiff on his petition, and we find for the Defendant on his counterclaim and against the plaintiff in the sum and amount of $245.70 Dollars." The judgment is in the language of the verdict.

It is insisted that the verdict is defective in that it makes a finding against the "plaintiff" and there being two plaintiffs it is impossible to know which of the two the jury meant to find against. No point is made in the motion for a new trial in reference to the verdict being defective. Therefore, it is to be construed by us liberally and will not be held to be void at this stage of the proceedings for mere defects. [Clark v. Porter, 90 Mo. App. 143; Kamerick v. Castleman, 29 Mo. App. 658; Welch-Sandler Cement Co. v. Mullins, 31 S. W. (2d) 86.] The case was presented jointly by plaintiffs and there was no contention in the trial court, and none here, that there could be a verdict against one plaintiff and not the other. The respective rights of the plaintiffs were identical. Under the circumstances, to find against "plaintiff" instead of "plaintiffs" will be treated as a clerical error. [Borkowsky v. Janicke, 170 Mo. App. 610.]

It is insisted that the verdict is not responsive to the issues.

Ordinarily when a lien is claimed on the property by defendant the jury finds the value of his possession. [McDowell v. Hollingsworth, 10 S. W. (2d) 314, 315; Smith v. Tucker, 200 S. W. 707; Weber Imp. Co. v. Dunard, 181 Mo. App. 658.] The verdict was not attacked in the motion for a new trial on the ground now urged. It is to be liberally construed and the intention of the jury will be

arrived at although the verdict may not be in technical form. (Weber Imp. & Auto. Co. v. Ransburg, 274 S. W. 856.) Defendant, in his pleadings, did not attempt to have his lien enforced and claimed no special interest in the property. Consequently, it was not necessary for the jury to assess the value of his interest. Under his general denial he was entitled to the unconditional possession of the property, in view of the verdict of the jury.

The verdict, on its face, shows that the jury found that there was a balance due defendant for the work and materials of $245.70 and plaintiffs were not entitled to the possession of the property.

However, the judgment should have adjusted the equities between the parties. Defendant ultimately is not entitled to the unconditional possession of the property but only a lien thereon for the balance found by the jury to be due him. He is entitled to the possession of the property until this lien is discharged and no longer. [Anthony v. Carp, *supra*, l. c. 393, 394, and cases cited therein.]

It is insisted that the verdict is so against the evidence as to show passion and prejudice on the part of the jury. An examination of the record discloses merely the usual conflicts in the evidence found in the ordinary run of cases and this point is ruled against plaintiffs.

The judgment is reversed and the cause remanded with direction to the court to adjust the equities between the parties. In this case the judgment should be for the defendant in the sum of $245.70 or for the return of the property until this sum is paid at the option of the defendant. [Kerman v. Leepre, 172 Mo. App. 286.]

All concur.