STATE OF MISSOURI, at the Relation of NANCY or NANNY BOOKER, Relator, v. EWING C. BLAND, NICK T. CAVE and SAMUEL A. DEW, Judges of the Kansas City Court of Appeals.—No. 39856.—197 S. W. (2d) 967.

Court en Banc, December 9, 1946.

*Homer A. Cope, Cope & Hadsell, D. C. Briggs* and *Walter A. Raymond* for appellant.

*John G. Brannon* and *W. Franklyn Clark* for respondent.

788

DOUGLAS, J.—Plaintiff brought a replevin action to recover two life insurance policies from defendant, his divorced wife. The policies were on plaintiff's life and defendant was named as beneficiary.

Defendant filed an answer as follows: "Comes now the defendant in the above-entitled cause and for her answer to the petition of plaintiff in replevin heretofore filed herein, denies each and every allgation, statement, and averment in said petition made and contained.

"Defendant for further answer states that she has paid out of her own funds all the premiums on said policies of insurance described in plaintiff's said petition, except the last premium, thereby keeping said policies of insurance in force, but as to the exact amount of premiums so paid by defendant on said policies of insurance, this defendant is unable to state, and that by reason of her insurable interest in the life of plaintiff, as well as the payment of said premiums, defendant has a lien and vested interest in said policies of insurance to the extent of the premiums so paid by her.

"WHEREFORE, having fully answered, defendant prays that a lien be established and impressed against said policies of insurance in the amount of the premiums so paid by her, and that the plaintiff take nothing by his action, and that defendant be discharged, together with her costs herein incurred and expended."

At the trial defendant attempted to show by the evidence that she had loaned plaintiff money and property for his business and by agreement between them the insurance policies were procured, the defendant to pay the premiums from her own funds, and turned over to defendant as security for the loan and for the premiums paid. The trial court refused to admit this evidence because defendant had failed to plead specifically in her answer any allegations of a loan and agreement. From a judgment for plaintiff defendant appealed to the Kansas City Court of Appeals where the judgment was affirmed. 192

S. W. (2d) 21. Upon application to this court for certiorari we ordered the case transferred here. We now consider it as an original appeal. Art, V, Sec. 10, Const. 1945; Supreme Court Rule 2.06.

The sole issue before us is whether or not the trial court erred in excluding the evidence offered by defendant. We hold that it did.

This case was tried before the new code of civil procedure became effective on January 1, 1945. Laws 1943, p. 353; Mo. R. S. A. sec. 847.1. The decisions under the old code have established the rule, which is perhaps broader in this state than in others, that in a replevin action the defendant, under a general denial, may show anything that will defeat plaintiff's right to possession. Pugh v. Williamson, 61 Mo. App. 165; Advance Thresher Co. v. Pierce, 74 Mo. App. 676; Berry v. Adams (Mo. App.), 71 S. W. (2d) 126. "Under a general denial, the defendant has a right to show any fact or facts disproving or tending to disprove plaintiff's asserted claim of ownership, or title, or of his right to immediate possession." Ball v. Davis (Mo. App.), 107 S. W. (2d) 87. And see cases cited therein. Accordingly in this case evidence tending to show any right of defendant in the policies as a pledgee, lienholder, or otherwise supporting her own title or right to possession is admissible under her general denial because it would serve to disprove plaintiff's right to possession.

In Anthony v. Carp, 90 Mo. App. 387 it is ruled that "under the general issue, the defendant may show that the plaintiff is not entitled to the possession at the time of the institution of the action because of the existence of the agister's undischarged lien."

But, it is argued, defendant's answer joins a plea of confession and avoidance with a general denial so that the general denial is a nullity. It is true our courts have consistently held that a general denial raises no issue where it is followed by the special plea of confession and avoidance. State ex inf. v. Delmar Jockey Club, 200 Mo. 34, 92 S. W. 185, 98 S. W. 539; Cowell v. Employers' Indemnity Corp., 326 Mo. 1103, 34 S. W. (2d) 705. However, we do not construe the answer to plead confession and avoidance. In a replevin action where the right to possession is the dominant issue such a plea does not seem tenable. Strictly speaking it could raise no defense whatever since an admission of plaintiff's right to immediate possession would necessarily end the action. In the answer in question there is no express or implied admission that plaintiff is entitled to possession of the policies.

Defendant's answer leaves some doubt as to the exact nature of the relief defendant may be seeking. If she is seeking some affirmative or declaratory relief with respect to the policies, in the nature of a counter-claim which would defeat plaintiff's right to recover, she should be permitted to amend her answer to set out definitely the relief sought. Riss & Co. v. Wallace, 350 Mo. 1208, 171 S. W. (2d) 641, 151 A. L. R. 512. "In actions in replevin, it is the trial court's

right and duty to adjust all issues between the parties as shown by the pleadings concerning the property involved." Zahner Mfg. Co. v. Harnish, 227 Mo. App. 287, 51 S. W. (2d) 145.

The cases cited by plaintiff holding that the beneficiary of an insurance policy acquires no vested right in the policy merely by the voluntary payment of premiums are not pertinent here. Those cases are concerned with the insured's absolute right to change the beneficiary where such right is reserved. The only rule that mere payment of premiums by a beneficiary does not by itself affect insured's right to make such change. Dunnavant v. Mountain States Life Ins. Co. (Mo. App.), 67 S. W. (2d) 785; Allen v. Aetna Life Ins. Co., 228 Mo. App. 17, 62 S. W. (2d) 916.

For the error in excluding the evidence, the judgment should be reversed and the cause remanded for new trial in conformity herewith. It follows the opinion of the Kansas City Court of Appeals should be quashed.

It is so ordered. All concur except Gantt, J., not sitting.