STATE ex rel. RUESELER MOTOR CO.

v.

KLAUS et al.

No. 28805.

St. Louis Court of Appeals.
Missouri.

Dec. 15, 1953.

J. Grant Frye, Cape Girardeau, for appellant.

R. P. Smith and Strom & Spradling, Cape Girardeau, for respondents.

BENNICK, Presiding Judge.

This is an action upon the official bond of the Sheriff of Cape Girardeau County.

The action was brought at the relation of Rueseler Motor Company for the recovery of the amount of $73.74 which is claimed to be the amount of an artisan's common law lien in favor of the motor company upon an automobile upon which it had made repairs at the instance and request of one James Reed Pierce, the owner of the automobile, and which, while the repair bill was unpaid, and while the automobile was being held by the motor company under its said lien, was levied upon and sold by the sheriff under an execution issued upon a judgment outstanding against the owner.

Defendants sheriff and surety filed separate motions to dismiss the petition.

The sheriff moved to dismiss upon the sole ground that the petition failed to state a claim upon which relief could be granted.

The surety asserted the same alleged failure of the petition, and added the further ground that there could be no liability under the bond for the reason that the event relied upon to constitute a breach of the bond had occurred prior to the period covered by the bond.

The court sustained both motions and dismissed the cause with prejudice, whereupon the motor company gave notice of appeal, and by subsequent steps has caused the case to be transferred to this court for our review.

The propriety of such dismissal is the sole question for our consideration on this appeal.

The petition alleged that Pierce had delivered the automobile to the motor company for repairs on October 30, 1952; that

the execution was issued on December 12, 1952; and that the automobile was sold under the execution on January 6, 1953.

The gist of the motor company's cause of action was that the sheriff had breached his official bond in seizing the automobile and taking it out of the motor company's possession without paying the motor company the amount of its lien.

■ A common law lien, such as the motor company claims, is the right of an artisan who has performed labor or furnished material in repairing a vehicle at the request of the owner to retain possession of the vehicle until such time as he is paid for the services he has supplied. Being dependent on possession, the lien is lost if the lienholder voluntarily parts with the possession of the vehicle to which it attaches, but as a general rule is not lost where he is deprived of possession involuntarily. Nor have common law liens been abolished in this state by virtue of the enactment of the statute, Section 430.020 RSMo 1949, V.A.M.S., which creates a lien in favor of an artisan supplying labor or material, who obtains from the owner a written memorandum of the labor or material either furnished or to be furnished in the doing of the work. On the contrary, the effect of the statute has been to enlarge upon the lien at common law in that if the artisan secures the written memorandum from the owner, his lien will continue, even after he has parted with possession of the vehicle, as against a purchaser or other person who takes possession with notice of the lien. McCluskey v. De Long, 239 Mo.App. 1026, 198 S.W.2d 673; Bostic v. Workman, 224 Mo.App. 645, 31 S.W.2d 218.

The chief objection to the sufficiency of the petition is that it did not contain an allegation either that the motor company was ignorant of the levy prior to the sale, or that, if it had knowledge of the levy, it took proper and timely steps to protect its rights by giving the sheriff notice of its claim.

■ In view of the charge that the sheriff took the automobile out of the motor

company's possession, we suppose it would be inferred, nothing else appearing, that the motor company was aware of the levy. But even so it was not compulsory that the motor company should have given the sheriff affirmative notice of its claim as a condition to its subsequent right to pursue its remedy either under the statute, Section 513.130 RSMo 1949, V.A.M.S., or, as it has elected to do, by action at common law, which the statute has not supplanted. State ex rel. Mastin v. McBride, 81 Mo. 349; State ex rel. American Asphalt Roof Corp. v. Trimble, 329 Mo. 495, 44 S.W.2d 1103; 33 C.J.S., Executions, § 169a, p. 388. This for the reason that a levy upon property in the possession of one other than the person against whom the writ is issued is prima facie wrongful as against the one in possession; and unless there is something in such person's conduct at the time to indicate his consent to the levy, then his mere possession of the property is itself sufficient notice to the officer that he must act at his peril in executing the writ. State ex rel. Sporleder v. Staed, 65 Mo.App. 487; 33 C.J.S., Executions, § 168; 80 C.J.S., Sheriffs and Constables, § 68b, p. 262.

■ There is the further objection that the petition lacked an allegation that the sheriff had levied upon or sold any greater interest in the automobile than that of Pierce, the judgment debtor. The importance of this is that if all the sheriff actually sold was Pierce's interest over and above the motor company's lien, then the motor company in that event would have sustained no damage so as to have given rise to a cause of action upon the sheriff's bond. However this objection entirely overlooks the specific charge in the petition that the sheriff sold the automobile "so that plaintiff lost possession thereof and its lien thereon". In view of this positive statement that the motor company lost its lien, there is no basis for any serious question about the sufficiency of the petition in such respect.

There is still the surety's contention that the event which was alleged to have constituted a breach of the bond occurred prior to the period covered by the bond.

■ It is true that the bond did not begin to run until January 1, 1953, which was some nineteen days after the issuance of the execution under which the automobile was levied upon and sold. The petition did not purport to state when it was that the automobile was seized under the execution. However it did state that the sale did not take place until January 6, 1953, which was well within the period of the bond. It could only have been the sheriff's failure to account for the proceeds of the sale that would have given rise to the motor company's cause of action on his bond, State ex rel. Karnes v. Poole, Mo.App., 72 S.W.2d 803; and the mere circumstance that the execution was issued prior to the effective date of the bond would not relieve the sheriff and his surety from any liability incurred in connection with the sale.

The judgment of the circuit court should be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. It is so ordered.

ANDERSON, J., and ADAMS, Special Judge, concur.