**MONARCH LOAN COMPANY, a Corporation, Plaintiff-Appellant,**

v.

**ANDERSON TRANSMISSION SERVICE, Defendant-Respondent.**

No. 31011.

St. Louis Court of Appeals.

Missouri.

Oct. 16, 1962.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 20, 1962

Sidney Rubin, St. Louis, for plaintiff-appellant.

Thomas P. Clarke, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

This action for the replevin of an automobile originated in the Magistrate Court, where defendant prevailed. Plaintiff appealed to the Circuit Court, where the case was tried without a jury, and a judgment entered from which plaintiff has appealed.

The petition is in the usual form. Plaintiff alleged that it was entitled to the possession of the automobile, a 1956 Buick Fordor, stated to be of the value of $1832.50, and that the defendant was wrongfully detaining it. Plaintiff gave bond, and the car was seized by the constable on May 26, 1959, and turned over to plaintiff. Defendant filed an answer in which it denied generally the allegations in plaintiff's petition, and pleaded a counterclaim for repairs and storage in the amount of $257.77, for which it claimed a lien. The car was owned by one Eddie Malone, who is not a party to this action. Plaintiff held a promissory note executed by Malone, secured by a chattel mortgage on the automobile, which was in default at the time of the seizure. By the terms of the chattel mortgage plaintiff was authorized to take possession of the

car in the event of a default. At the trial defendant conceded the validity of the note and chattel mortgage, and also conceded that the entire obligation was due at the time of seizure. Thus in effect the only controverted issue was whether defendant was entitled to a lien.

Regarding the repairs it made, defendant's witness Alfonso Anderson testified that Malone had telephoned him around the last of February or the first of March, 1959, and asked him to pick up the car, which wouldn't run because the transmission was out. Anderson had a towing company bring the car from Malone's home to defendant's shop, and after inspecting it advised Malone that the cost of repairing the transmission would be a couple of hundred dollars, or possibly a little more. Malone stated that he wasn't working steadily at his job in the construction field, and that he didn't have the money to pay for the repairs. Anderson then attempted to arrange financing for Malone but the finance companies to which Malone's application was submitted refused to make the loan. Meantime the car remained on defendant's lot. Anderson further testified that on Saturday, May 24, 1959, Malone telephoned him to get the car ready because he was back at work.

The transmission was completely overhauled, and a new muffler and tail pipe were installed, according to Anderson, and the work was about completed when the constable took possession under the writ on Tuesday, May 26. Defendant's bill for parts and labor came to $229.77, and its charge for storage, at the rate of 50¢ a day, was $28.00. No written memorandum for the repairs was signed by Malone.

In rebuttal, plaintiff produced Malone as a witness, who testified that a leaky seal had permitted the dynaflow fluid to escape. He telephoned Anderson, who estimated the cost of repairing the seal at $45. Malone told his wife to tell Anderson to call for the car and repair it. About three or four weeks later Anderson told him the transmission was gone, and Malone advised Anderson to forget the whole deal, that he wasn't going to have it fixed. He stated that he had never authorized the repairs to the transmission, orally or in writing, and said that he had never asked for the return of the car. On cross-examination it was developed that about three or four months after plaintiff obtained possession of the car Malone caught up on his delinquent payments on his note, and plaintiff delivered the automobile to him. Malone also said that at that time $257 worth of work had to be done, which included some transmission work. Plaintiff produced James Smythe, its office manager, who testified that he accompanied the constable when the seizure was made, and that the car wouldn't start. However, he subsequently indicated that the car wouldn't start because the battery was down. Smythe produced a bill from a mechanic named Frank Spann, dated November 23, 1959, for $257.04, which contained an item for transmission repairs of $55. Smythe had authorized the work, plaintiff paid for them, and Malone was to reimburse plaintiff.

The court found that plaintiff's possession of the automobile was not disputed, and that defendant was entitled to a common law lien for work and labor, but not for storage, citing Gale & Company v. Hooper, Mo.App., 323 S.W.2d 824, aff. 330 S.W.2d 826 and Mack Motor Truck Corp. v. Wolfe, Mo. App., 303 S.W.2d 697. However, the judgment actually entered merely provided that plaintiff recover of defendant possession of the automobile on plaintiff's petition, and that defendant recover against plaintiff the sum of $229.77 on its counterclaim.

■ Initially, plaintiff insists that the court erred in holding that defendant was entitled to *any* lien, and asserts that defendant failed to sustain its burden of proving that it made the repairs for which it claims a lien. This argument ignores Anderson's testimony that defendant completely overhauled the transmission. Plaintiff also attacks the credibility of Anderson by pointing to Smythe's testimony that the car

wouldn't start at the time the constable picked it up, and to the fact that Spann's repair bill included an item for "trans repairs." But Smythe's testimony also indicated that the reason the car wouldn't start was because the battery was down. And as to Spann's bill, assuming that he made repairs on the transmission on November 23, there was no evidence that they were required because defendant's work, performed in the preceding May, was defective. Nor was there any definite evidence in the record as to the whereabouts of the car in the interim, or the care it had been given. The only evidence on that score was Smythe's testimony that he had no knowledge as to where the car was during that period but would "assume" that it had been on plaintiff's storage lot. We cannot agree with plaintiff's contention that defendant failed to sustain its burden of proof regarding the repairs it made.

Plaintiff next contends that the trial court erred in holding that defendant was entitled to a common law lien for the reasons, first, that defendant had pleaded a statutory lien under Section 430.020, RSMo. V.A.M.S., but had failed to sustain it because Malone had not signed a written memorandum for the repairs; and second, that defendant did not plead a common law lien and therefore could not rely or recover on such a lien. In its answer and counterclaim, after denying generally the allegations in plaintiff's petition, defendant pleaded, in separate paragraphs: Malone's ownership of the car and his contract with defendant for the repairs; its performance; that the sum of $229.77 was due defendant for the work and labor performed; that Malone failed and refused to pay; that defendant had also stored the automobile, for which it was entitled to $28; and (in Paragraph VII) "That defendant is claiming a lien on the above stated automobile for labor and materials furnished and storage of the same under the provisions of Section 430.020, Missouri Revised Statutes, 1949." Defendant also alleged that plaintiff's repossession of the car " * * * was illegal, un-

just and unlawful * * *," and prayed for a judgment against plaintiff for $257.77 actual and $400 punitive damages, and for the return of the automobile until that sum was paid. Defendant counters plaintiff's argument by asserting that by paragraph VII it was claiming a common law lien for its work and labor and a statutory lien for its storage; and that in any event it was not required to plead a common law lien in order to be entitled thereto.

██ It is unnecessary for us to decide whether by the paragraph quoted defendant pleaded only a statutory lien or whether it thereby claimed a common law lien for the repairs and a statutory lien for storage. This for the reason that under its general denial it was permissible for defendant to prove it was entitled to a common law lien. McCluskey v. De Long, 239 Mo.App. 1026, 198 S.W.2d 673; Anthony v. Carp, 90 Mo. App. 387. The rule is based on the fact that replevin is a possessory action. Strothkamp v. St. John's Community Bank, Inc., Mo. 329 S.W.2d 718; Rankin v. Wyatt, 335 Mo. 628, 73 S.W.2d 764, 94 A.L.R. 941, and that in such an action it is necessary for the plaintiff to plead and prove his right to the immediate possession of the property at the time he filed his suit and that defendant was then wrongfully detaining the same. Wilks v. Stone, Mo.App., 339 S.W.2d 590; Cindrick v. Scott, 226 Mo.App. 153, 42 S.W.2d 957. Hence under a general denial the defendant has a right to show any fact or facts disproving or tending to disprove plaintiff's asserted right to immediate possession. State ex rel. Booker v. Bland, 355 Mo. 786, 197 S.W.2d 967; Ball v. Davis, Mo.App., 107 S.W.2d 87. And this includes proof of defendant's special interest in the property, such as a lien, which entitled him to retain the same. Rankin v. Wyatt, supra; McCluskey v. De Long, supra; Sutton v. St. Louis & San Francisco R. Co., 159 Mo.App. 685, 140 S.W. 76; Anthony v. Carp, supra. It follows that in the instant case it was permissible for the defendant, under its general denial, to show that plaintiff was not entitled to possession of the

automobile replevined because of defendant's common law lien. McCluskey v. De Long, supra.

Plaintiff's final point is that the court erred in taxing costs against it. It points to that part of the judgment in which it was given possession of the automobile and contends that it was "the party prevailing" within the terms of Civil Rule 77.06, V.A.M.R. and therefore entitled to its costs. The fact of the matter is that the judgment entered did not follow the court's finding that defendant was entitled to a lien for work and labor, nor did it accord with Civil Rules 99.11 and 99.12. These rules provided that when the plaintiff has obtained possession of the property under the writ and defendant has demanded its return, as was the case here, the judgment should be against the plaintiff and his sureties that he return the property taken or pay its assessed value, at the election of defendant, and also pay damages for the taking, and costs. The court should have adjusted the equities between the parties by providing in the judgment for the recovery by the defendant of the amount due it under its lien or for the return of the property until such sum was paid, at the option of the defendant, and for costs. Dilworth v. McKelvy, 30 Mo. 149; McCluskey v. De Long, supra; Sanders v. Brooks, 239 Mo.App. 578, 194 S.W.2d 540; Sidney Smith, Inc. v. Steinberg, Mo.App., 280 S.W.2d 696. Defendant did not appeal from the judgment entered, nor object to its form either here or below, and there is authority to the effect that a successful defendant in a replevin action may exercise his option by accepting a personal judgment for the amount due under his lien. Bostic v. Workman, 224 Mo.App. 645, 31 S.W.2d 218. Had judgment been entered in accordance with Civil Rules 99.11 and 99.12 plaintiff would have been liable for costs. While that part of the judgment awarding possession of the car to plaintiff may have been erroneous, the assessment of costs against it was not, and plaintiff is not in any position to complain.

For the reasons stated, the Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is affirmed.

ANDERSON, P. J., and MARSHALL CRAIG and WILLIAM M. KIMBERLIN, Special Judges, concur.