Willard JORDAN and Vernon S. Tinsley, Plaintiffs-Appellants,

v.

Bobby Joe DAVIS, d/b/a Davis Truck Clinic, Defendant-Respondent.

No. 10151.

Missouri Court of Appeals, Springfield District.

June 22, 1976.

Jerry M. Merrell, Hyde, Purcell, Wilhoit & Edmundson, Poplar Bluff, for plaintiffs-appellants.

George B. Scott, Jr., Scott & Henson, Poplar Bluff, for defendant-respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Appeal from judgment in a replevin action. Plaintiffs delivered their 1971 Ford truck to defendant to have collision damage repaired. When the repairs were completed the parties were unable to agree on the amount owed defendant, and plaintiffs brought this action to regain possession of the truck. Plaintiffs posted bond and obtained the truck by a writ of replevin prior to trial.

Plaintiffs' petition was in conventional form. Defendant answered by general denial and asserted a counterclaim for the amount he alleged was due for repair of the truck. Following trial to the court defendant abandoned his counterclaim.

The judgment determined that, at the time the suit was filed, defendant was entitled to possession of the truck and that the value of the truck was $2100. Defendant was awarded judgment against plaintiffs and the surety on their replevin bond. The judgment ordered, "[T]hat the plaintiffs return said property taken to defendant, or in case the defendants [sic] so elects, that the defendant have and recover of the plaintiff [sic] and [their surety] the value of said property so assessed, or the sum of Two Thousand One Hundred Dollars. . . ."

The judgment in its present form cannot stand. Defendant was entitled to a common-law artisan's lien for the amount of materials and labor expended in the repair of plaintiffs' truck, and that lien gave him the right to retain possession of the truck. *Hughes v. Aetna Ins. Co.*, 261 S.W.2d 942, (Mo.1953); *Gale and Company v. Hooper*, 323 S.W.2d 824 (Mo.App.), aff'd 330 S.W.2d 826 (Mo.1959); *McCluskey v. De Long*, 239 Mo.App. 1026, 198 S.W.2d 673 (1947); *Bostic v. Workman*, 224 Mo.App. 645, 31 S.W.2d 218 (Mo.App.1930). And, defendant was entitled to show the existence of the lien under a general denial. *Monarch Loan Co. v. Anderson Transmission Service*, 361 S.W.2d 328 (Mo.App.1962); *McCluskey v. De Long*, supra; *Anthony v. Carp*, 90 Mo.App. 387, 393 (1901). However, defendant did not have a right to unconditional possession of the truck, but only the right to retain possession until the lien was discharged. *McCluskey v. De Long*, 198 S.W.2d at 675.

Defendant's answer did not claim the property and demand a return thereof. Consequently, the trial court was not authorized to assess the *value* of the vehicle nor render judgment against plaintiffs and their surety for the value so assessed. Rules 99.11, 99.12; § 533.110, RSMo 1969; *Cable v. Duke*, 208 Mo. 557, 106 S.W. 643 (1907); *Franklin Ice Cream Corp. v. Kaufman*, 170 S.W.2d 990 (Mo.App.1943). Defendant was entitled to the return of the property to hold until his lien was discharged and the trial court should in its judgment determine the amount of defend-

ant's special interest in the vehicle. *Coonis v. Rogers*, 429 S.W.2d 709 (Mo.1968); *Monarch Loan Co. v. Anderson Transmission Service*, 361 S.W.2d 328 (Mo.App.1962); *McCluskey v. De Long*, supra.

Since from the record presented we cannot determine with any certainty the amount of defendant's lien the judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed. It is so ordered.

All concur.