**CHRYSLER CREDIT CORPORATION, Plaintiff, Respondent,**

v.

**Robert M. KEELING, and Joe Booth, d/b/a 40 Highway Tow Service, Defendant/Appellant.**

**No. WD 42731.**

Missouri Court of Appeals, Western District.

Aug. 7, 1990.

Jeffrey B. Tonkin, Kansas City, for defendant/appellant.

Howard D. Lay, Dysart Taylor Penner Lay & Lewandowski, Kansas City, for plaintiff/respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

TURNAGE, Presiding Judge.

Joe Booth appeals from a judgment ordering him to deliver possession of a 1988 Dodge pickup to Chrysler Credit Corporation. Booth contends that he had a lien on the truck which was superior to the lien of Chrysler and therefore should not have been ordered to deliver possession. Affirmed.

Chrysler was shown as the lien holder on the certificate of title to the pickup. The owner was shown as Robert Keeling. Apparently because of Keeling's failure to make payments, Chrysler filed a replevin suit against Keeling and obtained a judgment for possession. Chrysler could not find the pickup but finally located it in a lot

operated by Booth in connection with his tow service.

At the request of Chrysler copies of its judgment entitling it to possession were served on Booth and demand was made for Booth to deliver possession, but he refused without being paid for his bill. Thereupon, Chrysler filed suit against Booth claiming the right to possession as against Booth because of its lien and requesting that Booth be held in contempt for failure to deliver the pickup under the replevin judgment.

The court announced before it took up Chrysler's action against Booth that it was not going to impose any sanction for contempt and was going to deal only with the question of the right of possession as between Chrysler and Booth.

Booth testified that he towed the pickup from an apartment complex parking lot to his lot at the request of the apartment manager. Booth stated that he simply towed the pickup and that his bill was $50 for the tow and $15 per day for storage for a total of $1235 at the time of the hearing. There was no evidence that Booth did any work on the pickup or furnished any materials for it.

Chrysler introduced the Missouri Certificate of Title showing its lien. Booth admitted that Chrysler had a prior lien which was duly perfected. Booth's argument at trial and here is that he has a statutory lien for storage under § 430.020, RSMo 1986. In addition to the statutory lien Booth contends that he has a common law artisan's lien and that such lien has not been abrogated by statute. He further contends that under such lien he was entitled to retain possession until he was paid. Chrysler contends that it has a superior lien under § 430.040.2.

■ Booth is correct that the common law artisan's lien has not been abrogated by statute as held by this court in *McCluskey v. De Long*, 239 Mo.App. 1026, 198 S.W.2d 673, 675[1] (1946). The difficulty with Booth's contention is that the artisan's lien is only for one who furnishes labor or materials in the repair of a vehicle. *Id.* Here, Booth makes no claim that he fur-

nished labor or materials for the repair of the pickup. He makes some claim that towing the vehicle constituted a basis for an artisan's lien, but it is apparent that towing a vehicle does not constitute the furnishing of labor or materials for the repair of a vehicle. Under the facts here Booth did not have a common law artisan's lien.

■ Booth's claim is for towing and storage. At common law there was no lien for storage. *Mack Motor Truck Corporation v. Wolfe*, 303 S.W.2d 697, 702[9,10] (Mo. App.1957). Thus, Booth did not have a common law lien for storage.

What Booth did have was a statutory lien for storage under § 430.020 which provides that every person who stores any vehicle shall have a lien for the amount due. Section 430.040.1 provides that no person shall have the right to take any vehicle out of the possession of any person who has a storage lien without paying the amount lawfully due.

■ Booth conveniently overlooks § 430.040.2 which provides that a storage lien shall not take precedence over or be superior to any prior lien duly perfected in accordance with the laws of this state without the written consent of the holder of such prior lien. Here, Booth conceded that Chrysler had a duly perfected lien on the pickup and that such lien attached prior to the time that Booth acquired his statutory lien for storage. Under the plain provision of § 430.040.2 Chrysler had a lien which was superior to that of Booth and therefore was entitled to the possession of the pickup as against the claim of Booth.

The court correctly decided that Chrysler was entitled to possession as against Booth and entered judgment granting Chrysler possession.

■ Chrysler has filed a motion for damages for frivolous appeal. The test for determining whether an appeal is frivolous is whether the appeal "is one which presents no justiciable question and is so devoid of merit that there is little prospect that it can succeed." *P.L.K. v. R.J.K.*, 682

S.W.2d 486, 491 (Mo.App.1984). Booth did not claim that he furnished labor and materials to repair the pickup so he knew that he did not have a common law artisan's lien which he claimed would have taken precedence over the Chrysler lien. Further, Booth knew that § 430.040.2 gives the Chrysler lien precedence over the statutory storage lien which he had. Under these facts Booth should have known that his appeal had little prospect for success. The conclusion is inescapable that the appeal of Booth is frivolous. Chrysler is awarded the sum of $1,000 as damages for the frivolous appeal taken by Booth.

All concur.