DANIEL F. COMSTOCK ET AL. v. JOHN B. McCRACKEN ET AL.

*Lien not lost by re-statement of account.*

A lien is not lost by merely re-stating the account and deducting certain items.

Error to Muskegon.    (Russell, J.)    Feb. 5.—Mar. 6.

REPLEVIN.    Plaintiffs bring error.    Affirmed.

*Frank Dumon* for appellants.

*Smith, Nims, Hoyt & Erwin* for appellees.

CHAMPLIN, J.   The defendants operated a saw-mill at Muskegon, and under a contract with plaintiffs manufactured their logs into lumber for a specified price per thousand feet.   No time of payment was agreed upon, but payments were made from time to time as the sawing progressed. The plaintiffs were permitted to ship the lumber manufactured away from time to time as they chose, in case no objection was made by defendants.   The sawing extended through the season of 1881, and the lumber in dispute was left in the mill-yard of defendants, where it had been manufactured and cross-piled under their contract with plaintiffs. The defendants claimed a lien on this lumber for the balance unpaid of their saw bill, and rendered a statement of account therefor, and requested payment.   The plaintiffs did not pay, and no reason is shown for their refusal.   They demanded the lumber, and defendants refused to deliver it until their account was paid ; and plaintiffs brought replevin. The defendants pleaded the general issue, and gave notice of their lien for sawing, and claimed a special property in the lumber to the extent of such lien.

On the trial the defendants introduced and proved their account against the plaintiffs, which contained three small items, amounting in the aggregate to $13, which were not

for sawing and piling lumber, and these the defendants asked leave and were permitted to withdraw from the case. The amount due defendants for sawing was shown to be $953.57.

After the testimony was in, the plaintiff's counsel stated to the court that there was no dispute about the facts to go to the jury at all. We extract from the record:

" *Court* — Gentlemen, I think you had better submit this case to the jury.

*Mr. Campbell* —We object to submitting the case to the jury, and we ask the court, as a question of law one way or the other, to instruct the jury whether there was a lien by defendants on this lumber at the time this suit was brought, or not. If they did have a lien, they are entitled to a judgment; if they had no lien, and even if they were owing defendants that amount, they would not have any lien. I submit that the case cannot be argued upon any other hypothesis than this, and we ask the court to instruct the jury either that there was a lien or that there was not."

The court then inquired of counsel for the defendant if he wished to say anything to the jury, and he replied that he did not.

The counsel for the plaintiff requested the court to instruct the jury that the defendants having re-stated their account, and having deducted certain items, that thereby the accounts were in such a condition that there could be no lien, and that the jury should find for the plaintiffs.

The court then asked plaintiffs' counsel this question:

" Then I understand it is admitted that if there was a lien on this property defendants would be entitled to a judgment of $953.57. And on the part of the plaintiffs it is claimed that this question of lien and the question of waiver is a pure question of law, and should be determined by the court."

*Mr. Campbell* — " Yes, your honor; and that the jury should be instructed one way or the other—either that there was a lien on this property by the defendants on the day this suit was brought, or that there was not."

The plaintiff's counsel made some further requests to charge, but in none of them were any facts submitted to the

jury to pass upon. The court instructed the jury that in his opinion the defendants had a lien upon the lumber, and directed a verdict for the defendants.

We find no error in the record. The testimony did not show a waiver of the lien, and

The judgment is affirmed.

The other Justices concurred.