NICHOLAS KIRTLEY, Respondent, v. ROSCOE A. MORRIS, Appellant.

Kansas City Court of Appeals, January 5, 1891.

1. **Common-Law Lien:** ARTISAN'S RIGHT TO, FOR REPAIRS. By the common law, which is in force in this state on that subject, an artisan who, by his skill and labor, has enhanced the value of a chattel has a lien on it for reasonable charges; and this lien is now, and has for a long time been, extended to those who, by their labor and skill, enhanced the value of an article, even though there may have been no obligation upon them to render such services, and it is now quite well understood that labor and skill expended in the improvement of an article, such as repairs, whereby its value is enhanced, is entitled to the benefits of such lien.

2. ———: CONSENT OF OWNER. The labor performed by the artisan must be at the request, or with the consent, of the owner, or the lien will not attach; yet such consent need not be expressed, but may be implied from the circumstances.

3. ————: PREFERENCE OVER ANTECEDENT MORTGAGE LIEN. Notwithstanding the ownership with which the law in this state clothes a mortgagee after condition broken, if the property is of such character as suggests use, and that repairs will become necessary for its proper use or preservation, it must be *held* to be in the contemplation of the mortgagee (when after condition broken he permits the chattel to remain in the possession of the mortgagor), that it will be so repaired, and the enhancement of value thereby added will create a lien in favor of the workman superior to the mortgage; nor can the mere fact that the mortgagors had about finished the particular work they were upon, at the time the mortgage was given. affect the matter.

4. ————: WAIVER: COMMINGLING ACCOUNTS. If the artisan mixed his accounts so that his claim against the given property cannot be distinguished from other accounts, he has lost his lien.

5. ————: ————: CLAIM OF GENERAL OWNER: FAILURE TO DISCLOSE LIEN, OR CLAIMING TOO MUCH. If the artisan has done anything inconsistent with his claim of a lien, as a claim of absolute ownership, he waives his lien; and, if the lien is once voluntarily lost, it cannot be revived. But, if the artisan claims more than his legal right, it is not a waiver of the rightful lien, and the demandant should tender him the sum for which he has a rightful lien.

*Appeal from the Audrain Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED.

*J. A. Sanders* and *P. Mercer*, for appellant.

(1) The tools in question were placed in defendant's hands by the owners for necessary repairs, and were repaired by defendant after plaintiff's mortgage became due, and plaintiff never took possession of them, or attempted to do so, under his said mortgage, till such repairs were made; and, in such case, defendant's artificer's lien at common law is prior to the lien of said mortgage, and he had a right to retain the possession of said property until he was paid for repairing the same. Herman on Chat. Mort., sec. 103, p. 308; *Faulkner v. Harding*, 9 Mo. App. 12; *Scott v. Delahunt*, 5 Lans.

(N. Y.) 372.   Hence the court erred in giving instruc-
tion, numbered 1, for plaintiff, and refusing instructions
prayed by defendant.   The amount demanded by
defendant is not material, as plaintiff could not take
the property without tendering the amount due.   *Mon-
teith v. Printing Co.*, 16 Mo. App. 450.   (2)   A gen-
eral denial is a sufficient answer in this case.   *Rasse v.
Thomas*, 3 Mo. App. 472; *Auc. & Com. Co. v. Mason*,.
16 Mo. App. 473; 36 Mo. App. 105; 38 Mo. App. 52.
Hence it was not necessary to require defendant to
amend answer; but it was not error for the court to per-
mit the filing of amended answer.   *Young v. Glasscock*,.
79 Mo. 574; R. S. 1879, sec. 3567.

*Booher & Williams*, for respondent.

(1)   Defendant having refused to disclose the
amount or nature of his claim, so that plaintiff could
tender the amount due, and having tried his case on a
different theory, it was error to permit him to file his
amended answer.   Wells on Replevin [1 Ed.] sec. 381,.
p. 215.   (2)   Defendant having mingled his lien claim
with other accounts, and refused to disclose the amount
due as against the property in suit, and demanded the
payment of his old account, lost any right to assert a
lien even against Lowe & McFall.   Wells on Replevin
[1 Ed.] sec. 381, p. 215.   (3)   A chattel mortgage is
described to be the present transfer of the title to prop-
erty mortgaged, and upon default the title of the mort-
gagee becomes absolute.   *Parshall v. Eggert*, 54 N. Y.
(9 Sick.) 18; *Miner v. Johnson*, 2 Hun. (N. Y.) 441;.
*Mowery v. Wood*, 12 Wis. 413; *Wright v. Ross*, 36 Cal.
309; *Hulsen v. Walter*, 34 Howard (N. Y.) 385; *Char-
ter v. Stevens*, 3 Denio, 33; *Winslow v. Tarbox*, 18 Me.
132; *Carpenter v. Snelling*, 97 Mass. 452; Wells on
Replevin, secs. 122a, 123, p. 122.   The rule is well set-
tled in this state that after forfeiture the mortgagee is
the absolute owner.   This has always been the law in

this state. *Robinson v. Campbell*, 8 Mo. 365 ; *Ferguson v. Thomas*, 26 Mo. 499 ; *Lacey v. Gibboney*, 36 Mo. 320 ; *Bowens v. Benson*, 57 Mo. 26 ; *White v. Quinlan*, 30 Mo. App. 54. The only right of a mortgagor is the right to redeem. Wells on Replevin, secs. 122*b*, 123, and authorities cited, p. 122. (4) Lowe & McFall had completed their contract, had no immediate use for the tools, and they were not repaired because they were needed to continue their use. (5) Plaintiff, N. Kirtley, was, under the law of this state, the absolute owner of this property, and entitled to the possession. He could not be deprived of his property without his consent. All the evidence shows that he had no knowledge of any repairs being made by defendant. (6) The instructions asked by the defendant were properly refused. The instruction given on the part of the plaintiff is the law. But even if the instruction as given was wrong, there is no reversible error in the case. If the record shows that the verdict was for the right party, the court will not reverse the case. R. S. 1889, sec. 2303 ; *Fitzgerald v. Baker*, 96 Mo. 661 ; *Wilkerson v. Allen*, 67 Mo. 503 ; *Bassett v. Glover*, 31 Mo. App. 150 ; *Blesse v. Blackburn*, 31 Mo. App. 264 ; *Ghio v. Beard*, 11 Mo. App. 21. (7) Respondent being the absolute owner, appellant could not affect his rights without his knowledge or consent, and, hence, the instruction asked by plaintiff and respondent was properly given.

ELLISON, J.—Plaintiff is a mortgagee of certain grading tools, or implements used in the construction of railroads ; his mortgage being duly acknowledged and recorded. Defendant is a blacksmith, who repaired them at the instance and request of the mortgagors who were in possession. The repairs were made *after* the mortgage debt became due. Defendant refusing to part with the possession till his claim for repairs was paid, plaintiff instituted this action of replevin, and obtained judgment in the circuit court.

The principal question presented is, whether, if the defendant has a lien, it should be held to have precedence over the prior mortgage by force of law. By the common law, which is in force in this state, on that subject, an artisan, who, by his skill and labor, has enhanced the value of a chattel, has a lien upon it for reasonable charges. Formerly, this lien was confined to those, who, by their occupations, were compelled to render the service, but the lien is favored and has been permitted to grow so that its benefit is now, and has for a long time been, extended to others, who, by their labor and skill, enhance the value of an article, even though there may have been no obligation upon them. *Wilson v. Martin*, 40 N. H. 88. So that this privilege, as Chancellor KENT expresses it, is now extended to those "occupations which are necessary for the accommodation of the people." It includes farriers, millers, blacksmiths, printers, tailors, wharfingers, or whoever takes property in the way of his trade or occupation to bestow labor or expense upon. *Lord v. Jones*, 24 Me. 439. And it was held to exist in favor of one for the services of his stallion in covering a mare, whereby she was made more valuable. *Scarfe v. Morgan*, 4 M. & W. 270. So it was formerly, sometimes, though not often, said that the labor must have added to the chattel by transformation into some other article of property, or that some *addition* of value must have been put to it ; but now it is quite well understood that labor and skill expended in the improvement of the article, whereby its value is enhanced, is sufficient.

I refer to the foregoing from the fact that it appears that some of defendant's labor consisted merely in sharpening plows, though other parts of it consisted of adding to the articles material, which he furnished.

II. Has this lien a preference over the antecedent mortgage, the debt secured therein being overdue ? It must be conceded that the labor performed by the artisan must be at the request of, or by consent of, the

owner. A servant of the owner of a carriage broke it, without the master's knowledge, and, without his knowledge, took it to a coach-maker for repairs. It was held that there was no lien. *Hiscock v. Greenwood*, 4 Esp. 174. It is from this principle of the lien law, that plaintiff built much of his contention. He insists that, as in this state, a mortgagee, at least after condition broken, as in this case, is the owner of the mortgaged chattels, and as he did not consent to, or order, the repairs, that no lien exists. It is true that, after condition broken, the mortgagee of chattels becomes the owner. But this proposition, from the nature of the relation of the parties, after condition broken, is subject to qualification, or, at least, explanation. The mortgagor has, nevertheless, a right of redemption, and, frequently, as was done here, he is permitted to retain the possession and use of the chattel, as though his own. The consent of the owner need not be express. It may be implied from the circumstances. And it has been expressly held that the consent need not be given with such formality as to render the owner personally liable for the charges. *White v. Smith*, 44 N. J. L. 105. That case was where the wife was the owner of a wagon, which she permitted her husband to use in his business carried on for the support of the family. The husband having had it repaired, the artisan was held entitled to a lien in an action of trover brought against him by the wife. It was held that it was in the contemplation of the parties that the wagon could only be useful for the purpose for which it was used, by being kept in repair.

Now, in the case at bar, the plaintiff permitted the mortgagors to remain in the possession and use of the chattels, as if they were owners. The nature and character of the property suggests that this permission must have been given for the purpose of such use of the articles as would be of value to those who used them. This, as was said in *Williams v. Allsup*, 10 C. B.

(N. S.) 417, by implication, entitles the mortgagor to that which is necessary to keep the property in a reasonably efficient condition for the purposes of the use. The case of *Scott v. Delahunt*, 5 Lans. 3; s. c., 65 N. Y. 128, was where a mortgagor was permitted to remain in the possession and use of a canal boat, after condition broken, and it was held there was implied authority in the mortgagor, to keep her in repair so as to create a lien in favor of the shipwright, superior to the mortgage. In *Hammond v. Daniels*, 126 Mass. 294, a hack was mortgaged and was described therein as being in use at certain stables. The mortgagor was permitted to remain in possession and use by the terms of the mortgage. It was held that there was implied authority to have it repaired, which would create a lien having preference over the mortgage. In the latter case the mortgage debt does not appear to have been due; but in the case of *Scott v. Delahunt, supra*, it was due. And, in *Williams v. Allsup*, the debt was due at the execution of the mortgage, and for future advances which might be made. While, in *White v. Smith*, the wife was the absolute owner.

So I conclude, that notwithstanding the ownership, with which the law in this state clothes a mortgagee after condition broken, if the property is of such character as suggests use, and that repairs will become necessary for its proper use or preservation, that it must be held to be in the contemplation of the mortgagee that it will be so repaired, and the enhancement of value thereby added will create a lien in favor of the workman superior to the mortgage. Nor do I see how the mere fact, that the mortgagors had about finished the particular work they were upon at the time the mortgage was given, can effect the matter.

III. There is testimony given which goes to show that there will probably be some question made at another trial, as to a waiver of his lien by defendant. It seems that defendant had other accounts or claims

Kirtley v. Morris.

for work against the mortgagors.    If he has mixed the accounts so that the claim against the property here in question cannot be distinguished, he has lost his lien. *Kelley v. Kelly*, 77 Maine, 135, and cases cited.    If defendant has done that which is inconsistent with his claim of a lien, it is a waiver of it.    As if on demand he claimed to be the general or absolute owner, or if he affirmatively puts his refusal on other grounds, he is not entitled to turn now to a lien, for if the lien be once voluntarily lost it cannot be revived.    *Picker v. McKay,* 2 Black. 465; *Munson v. Porter*, 63 Iowa, 453 ; *Maynard v. Anderson*, 54 N. Y. 641; *Hanna v. Phelps*, 7 Ind. 21; Wells, Replevin, sec. 381.    But the mere fact that when demand was made for the property, he did not disclose that he claimed a lien ought not to prevent his now setting one up.    Nor ought the fact that he claimed there was more owing him than he afterwards claimed.    *Everett v. Coffin*, 6 Wend. 603; *Comstock v. McCracker*, 53 Mich. 123.    Though, there is authority contrary to the latter proposition,    I am inclined to the opinion that claiming a lien for too much is not a waiver of the rightful lien.    If the artisan claims more than his legal right, the demandant should tender him the sum for which he has a rightful lien.

No reason is seen for objection to the exercise of the court's discretion in permitting the amended answer to be filed.

The court did not instruct the jury in accordance with the foregoing views, and the judgment must, therefore, be reversed and the cause remanded.    All concur.