H. H. BUTTERWORTH, Appellant, v. SAMUEL SOLTZ, Respondent.

Kansas City Court of Appeals, June 10, 1918.

1. **REPLEVIN**: Automobiles: Repairs: Lien: Memorandum in Writing. Under the statute (Sec. 1, page 327, Laws 1915) one who furnishes material and does repairs on an automobile cannot have a lien therefor, unless a memorandum of the work and material be made in writing and signed by the owner.

2. ————: Statutes: Common Law Right. The statute is a qualification and restraint upon the Artizans common law right to a lien.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* ·Judge.

AFFIRMED.

*George W. Barnett* and *E. C. White* for appellant.

*W. D. Steele* for respondent.

ELLISON, P. J.—Plaintiff's action is replevin for an automobile. The trial court sustained a demurrer to the evidence submitted by plaintiff and rendered judgment for defendant.

The evidence in plaintiff's behalf tended to show that defendant placed his automobile in plaintiff's possession with the verbal request that he furnish the material and make certain repairs thereon. That plaintiff complied with such request and claimed an artizans lien for his bill amounting to thirty-five dollars. That defendant obtained possession of the automobile without paying the bill and this action followed.

It will be observed that plaintiff furnished the material and did the repairing on defendant's verbal request. The case involves the construction of section 1, of the lien law found in the Session Acts of 1915, page 327, reading as follows; "Every person who shall keep or store any vehicle, part or equipment thereof, shall, for the amount due therefor, have a lien; and every person who furnishes labor or material on any vehicle, part or equipment thereof, who shall obtain a written memorandum of the work or material furnished, or to be furnished, signed by the owner of such vehicle; part or equipment thereof, shall have a lien for the amount of such work or material as is ordered or stated in such written memorandum. Such lien shall be on such vehicle, part or equipment thereof, as shall be kept or stored, or be placed in the possession of the person furnishing the labor or material."

The lien given by this section is for labor and material which may be ordered by the owner in writing.

Before the artizan is entitled to lien for which he may retain possession of an automobile, he must obtain from the owner a written memorandum of the work and material furnished, or to be furnished. As there was no writing shown, there can be no lien, unless plaintiff is entitled to maintain one without regard to the statute. And he makes claim in the present instance under the common law, by which an artizan has had a right to a lien (Kirt-

ley v. Morris, 43 Mo. App. 144) without a written contract.

It is true that a statutory right nor a statutory remedy does not necessarily oust a common-law right and remedy for the same thing. But when it is manifest from the face of a statute that it is intended to cover the entire ground, it becomes exclusive. [Wyckoff v. Southern Hotel, 24 Mo. App. 382.] Now this statute gives a lien to every artizen who shall obtain a *written* memorandum of the work and material, signed by the owner. Unless intended to supercede the common law, it is utterly useless enactment, since he had a lien at common law for a written order. It is apparent that the statute is in restraint, or qualification of the common-law lien, in that it must be founded upon the owners written order. If it does not supercede the common law in this respect, it can never be enforced, as it would never be needed; for a violation of the statute would be obedience to the common law.

We think the view of the trial court was right and hence affirm the judgment. All concur.