# MARCH, 1930.

JOHN W. BOSTIC, DOING BUSINESS AS BOSTIC MOTOR COMPANY, APPELLANT, v. ED. WORKMAN, RESPONDENT.—31 S. W. (2d) 218.

Springfield Court of Appeals. September 25, 1930.

*Moore & Moore* for appellant.

*G. Purd Hays* for respondent.

COX, P. J.—Action in replevin for possession of an automobile. Trial by the court who found for defendant and rendered personal judgment in favor of defendant against plaintiff for $38.60.

Plaintiff sold a used automobile to Mr. Leonard Gideon and took back an installment note and chattel mortgage for part payment of the purchase price. This chattel mortgage was executed July 18, 1929, and recorded August 2, 1929. Mr. Gideon took the car to defendant, who operated a garage and repaired automobiles, and directed him to place on it whatever repairs it needed. Defendant furnished and placed in the car a number of repairs such as pistons, connecting rods, shift bearings and oil rings, etc., to replace those that were so badly worn they needed replacement. These and his labor on the car amounted to $38.60. The first work on the car was done July 30, 1929. The car had then been in defendant's garage two or three days and a few days later the work was completed but Mr. Gideon did not pay defendant and took the car out. About the time defendant had completed the work plaintiff came to him and demanded possession of the car under his chattel mortgage. One installment was due on the note and under the terms of the mortgage plaintiff was authorized to take possession of the car. Defendant refused to deliver the car to plaintiff and this suit followed. The court sitting as a jury found the facts to be that Leonard Gideon was the owner of the car when he took it to defendant to be repaired. That one installment of $7.50 was due plaintiff at the time this suit was begun. That the chattel mortgage of plaintiff was not on file until after the work on the car by defendant had been commenced and almost completed. That the labor done and material furnished by defendant was of the value of $38.60. That defendant had the right to hold the car until this amount was paid. The con-

stable had taken possession of the car under the writ of replevin and delivered it to plaintiff who had possession of it at the time of the trial. The court then rendered judgment against plaintiff for $38.60, the amount found to be due defendant for repairing the car.

Appellant makes the point that the trial court could not render a personal judgment against plaintiff. In actions in replevin where, as in this case, the property is taken from the possession of defendant and delivered to plaintiff under the writ and at the trial the defendant prevails, he is entitled to his option to recover the value of the property in lieu of requiring the property to be returned to him. The interest of defendant in the property in this case was a special interest and its value was $38.60, the amount of his lien for material and labor on the car. In the absence of a showing that the property was of less value than the amount of defendant's lien, we can see no reason why he cannot exercise his option to take a personal judgment for the value of his interest. This point must be ruled against appellant.

The real question in this case is whether or not defendant had a lien at all for labor done and material furnished in repairing the car. Appellant contends that defendant had no lien because he did not secure from the owner, Leonard Gideon, a memorandum in writing as required by the statute. The statute referred to, section 7278, Revised Statutes 1919, is as follows: ''Every person who shall keep or store any vehicle, part or equipment thereof, shall, for the amount due therefor, have a lien and every person who furnishes labor or material on any vehicle, part or equipment thereof, who shall obtain a written memorandum of the work or material furnished or to be furnished signed by the owner of such vehicle, part or equipment thereof, shall have a lien for the amount of such work or material as is ordered or stated in such written memorandum. Such lien shall be on such vehicle, part or equipment thereof as shall be kept or stored or be placed in the possession of the person furnishing the labor or material.''

The question here is whether this statute destroys the common law lien of an artisan who furnishes labor or material in the repair of a vehicle and requires that he secure a written memorandum from the owner before he can secure a lien. We do not think the statute goes that far. It does not, in terms, undertake to take away from the artisan any right that he had before the statute was enacted. Had this statute not been enacted the defendant in this case would have had a lien for labor and material as long as he kept the vehicle in his possession but no longer. Had he voluntarily parted with this possession he would have lost his lien. Section 7280 of the same article in the statute provides that when a written memorandum is

obtained from the owner the lien shall be good as against any person who shall purchase with notice of the lien. When these two sections are construed together we think they mean to take no right away from an artisan but meant to give him two rights which he did not have at common law. The statute gives him the right to a lien for the price or value of storage which he did not have at common law. The other is that if he secures a written memorandum from the owner stating what had been done or was ordered to be done, then that statement would continue the lien after the artisan had parted with possession providing a purchaser or other person took possession with notice of the lien.

It is familiar law that statutes which are in derogation of common law are to be strictly construed. That means, as we understand the rule, that no statute is to be construed as taking away from a party any right existing under the common law unless such construction is clearly required by the language of the statute. No language in our statute pretends to destroy any existing right. As to labor and material furnished, the artisan had a lien under the common law before the statute was enacted. The statute then should not be construed as taking that right away without an express provision to that effect. Our conclusion is that the common law lien of an artisan, as was this defendant's, was not destroyed by the statute and since defendant insisted on retaining possession of the car on which he had expended labor and furnished material until his rightful charges were paid, he was merely asserting his common law right and the plaintiff cannot deprive him of possession by replevin or otherwise until these charges are paid.

The question of priority between the lien of defendant and that of plaintiff under his chattel mortgage was settled by the finding of the court sitting as a jury that defendant began work on the car before the chattel mortgage was filed for record. [Sec. 7280, R. S. 1919.]

The judgment will be affirmed. *Bailey* and *Smith, JJ.*, concur.