GALE AND COMPANY, a Missouri Corporation, Plaintiff-Appellant,

v.

William HOOPER and Harry Hause, Defendants-Respondents.

No. 7774.

Springfield Court of Appeals.

Missouri.

March 20, 1959.

Dillard & Grossenheider, J. W. Grossenheider, Lebanon, for appellant.

O. C. Winchell, of Lebanon, for respondent Harry Hause.

McDOWELL, Judge.

This is an action in replevin by Gale and Company, a corporation, against William Hooper, owner, and Harry Hause, a garageman, for possession of a 1956 Oldsmobile.

The pleadings are not in question. The petition was in usual form.

The answer of Harry Hause consisted of a general denial and counterclaim under which Hause denied plaintiff's right to possession of the automobile claiming a common-law artisan's lien for repairs on said car in the sum of $288.76.

The cause was submitted to the court without a jury on a stipulation of facts supplemented by undisputed record testimony.

The evidence shows that William Hooper, a resident of Pulaski County, a soldier at Fort Leonard Wood, purchased from Yates Automobile, Inc., a 1956 Oldsmobile, and, as part payment, executed his note and chattel mortgage to secure the same, dated December 2, 1957, in the sum of $2,319.60, payable in 24 monthly instalments of $96.65 each. The mortgage and note were assigned to appellant, who caused the same to be filed in Pulaski County, Missouri. The defendant, William Hooper, delivered his automobile to the defendant-respondent, Harry Hause, a garageman, doing business in Lebanon, Missouri, requesting that certain repairs be made thereon; that pursuant to the owner's request respondent Hause made repairs and furnished labor and materials of the reasonable

value of $288.76; that said amount of repairs so made was not paid by the owner and the car at all times remained in the possession of garageman, Hause.

The car was taken from respondent's possession and delivered to appellant by the Sheriff of Laclede County under writ of replevin. Defendant, Hooper, prior owner, is not involved in this appeal.

On these facts the trial court ruled that a Missouri artisan's common-law lien for labor and repairs on the automobile took priority over a prior recorded Missouri chattel mortgage and rendered judgment for respondent on plaintiff's petition and for respondent-defendant on his counterclaim and assessed his recovery at $286.11, or, in the alternative, ordered return of the property replevied to the respondent until the amount is paid at the option of defendant.

The only assignment of error complains of the ruling of the trial court that defendant's artisan's common-law lien, asserted in the counterclaim, is superior to and takes priority over appellant's prior duly filed chattel mortgage.

Under this assignment of error, the admitted facts and judgment of the trial court, the issue presents for our decision only the legal question of priority of liens.

Appellant says that under the laws of this state the plaintiff's duly filed chattel mortgage is superior to and takes priority over Hause's subsequent artisan's lien and that the judgment of the court is contrary to the evidence presented and to the law under the evidence.

To support this contention he cites sections 430.020, 430.040, and 443.460 RSMo 1949, V.A.M.S.

§ 430.020 provides a lien for storing materials and labor furnished on vehicle. It reads:

"Every person who shall keep or store any vehicle, part or equipment thereof, shall, for the amount due therefor, have a lien; and every person

who furnishes labor or material on any vehicle, part or equipment thereof, who shall obtain a written memorandum of the work or material furnished, or to be furnished, signed by the owner of such vehicle, part or equipment thereof, shall have a lien for the amount of such work or material as is ordered or stated in such written memorandum. Such liens shall be on such vehicle, part or equipment thereof, as shall be kept or stored, or be placed in the possession of the person furnishing the labor or material."

Under the holdings of the Missouri courts we find that this section pertaining to liens on a vehicle for labor and materials does not destroy the common-law lien of an artisan who furnishes labor and materials in repair of a vehicle while he is in possession of such vehicle. McCluskey v. De Long, 239 Mo.App. 1026, 198 S.W.2d 673, 675 [1]. We quote:

"We think there is no merit in plaintiffs' contention. This statute, it has been held, does not destroy the common law lien of an artisan who furnishes labor or materials in the repair of a vehicle while he is in the possession of the same. The purpose of the statute is to give the artisan a lien that he did not have at common law, in that, if he secures a written memorandum from the owner stating what is to be done, then the writing will continue the lien after the artisan has parted with its possession, providing a purchaser or other person takes possession with notice of the lien. Bostic v. Workman, 224 Mo.App. 645, 31 S.W.2d 218. This is a decision by the Springfield Court of Appeals."

In this opinion, Judge Bland of the Kansas City Court of Appeals comments upon a former opinion of that court, Butterworth v. Soltz, 199 Mo.App. 507, 204 S.W. 50, in which the court denied an artisan's lien. The court stated:

" * * * The artisan had no lien on the vehicle at common law for he had lost the possession of it. The opinion in that case contains language indicating that this court entertained the view that the statute abrogates the common law in reference to an artisan's lien on vehicles. What was said in that connection was not necessary for the determination of the case in view of the fact that the artisan had lost possession of the vehicle and, therefore, had no lien at common law, and none under the statute, because no written memorandum had been obtained. What was said in that case in reference to the statute repealing the common law is disapproved."

Kirtley v. Morris, 43 Mo.App. 144, was decided by the Kansas City Court of Appeals in 1891, prior to the enactment of the statute in question. Plaintiff was a mortgagee of certain grading tools. His mortgage had been duly recorded. Defendant was a blacksmith who had repaired the tools at the request of the mortgagors, who were in possession. The repairs were made after the mortgage debt became due. Defendant refused to part with possession until his claim for repairs was paid and plaintiff instituted an action in replevin and obtained judgment in the Circuit Court. The question presented was, whether defendants had a lien and should it be held to have precedence over the prior mortgage by force of law. The court stated that by the common law in force in Missouri an artisan, who by his skill and labor, has enhanced the value of the chattel, has a lien upon it for reasonable charges. In its opinion, the court traced the history of common-law artisan's lien.

It was insisted by the plaintiff that a mortgagee, after condition broken, is the owner of the mortgage chattel, and that he did not consent or order the repairs and that no lien exists, but, the court stated that the mortgagee had the right of redemption and was permitted to retain possession and

use of the chattel as that of his own; that the consent of the owner need not be expressed. It may be implied from the circumstances. It stated on page 149:

"* * * It was held that it was in the contemplation of the parties that the wagon could only be useful for the purpose for which it was used, by being kept in repair.

"* * * The nature and character of the property suggests that this permission must have been given for the purpose of such use of the articles as would be of value to those who used them. * * *

"So I conclude, that notwithstanding the ownership, with which the law in this state clothes a mortgagee after condition broken, if the property is of such character as suggests use, and that repairs will become necessary for its proper use or preservation, that it must be held to be in the contemplation of the mortgagee that it will be so repaired, and the enhancement of value thereby added will create a lien in favor of the workman superior to the mortgage. * * *"

The judgment in that case was: A Missouri artisan's common-law lien for repairs made on a chattel took precedence over a prior recorded Missouri chattel mortgage.

In Stone v. Kelley & Son, 59 Mo.App. 214, 215, Judge Ellison, speaking for the Kansas City Court of Appeals, in a matter where an agister's lien for the keeping of a horse was being considered, made this statement on page 217:

"* * * We decided in Kirtley v. Morris, 43 Mo.App. 144, that an artisan had, in this state, a common law lien for repairs of chattels made at the request of the mortgagor in possession which was superior to the lien of the mortgagee under a prior mortgage."

This holding was cited with approval in Mack Motor Truck Corporation v. Wolfe, Mo.App., 303 S.W.2d 697, 699.

§ 430.040 RSMo 1949, V.A.M.S., reads

"1. No person shall have the right to take any such vehicle, part or equipment thereof, or any such horse, mule or other animal out of the custody of the person having such lien, except with the consent of said person, or upon paying the amount, lawfully due, for keep, storage, labor or material.

"2. Such lien shall be valid against such vehicle, part or equipment thereof, or against such horse, mule or other animal in the possession of any person receiving or purchasing the same, with notice of the lien claim; provided, however, that such lien shall not take precedence over or be superior to any prior lien on said property, created by any chattel mortgage on the same, duly filed or recorded in accordance with the laws of this state, without the written consent of the mortgagee or the legal holder of said chattel mortgage."

This statute was passed in 1917, two years after the passage of § 430.020, heretofore set out.

In Bostic v. Workman, 224 Mo.App. 645, 31 S.W.2d 218, the Springfield Court of Appeals discusses this section. The court stated on page 219 [3–4] of 31 S.W. 2d:

"The real question in this case is whether or not defendant had a lien at all for labor done and material furnished in repairing the car. Appellant contends that defendant had no lien because he did not secure from the owner, Leonard Gideon, a memorandum in writing as required by the statute. * * *

"The question here is whether this statute destroys the common-law lien

of an artisan who furnishes labor or material in the repair of a vehicle and requires that he secure a written memorandum from the owner before he can secure a lien. We do not think the statute goes that far. It does not, in terms, undertake to take away from the artisan any right that he had before the statute was enacted. Had this statute not been enacted, the defendant in this case would have had a lien for labor and material as long as he kept the vehicle in his possession, but no longer. Had he voluntarily parted with this possession, he would have lost his lien. Section 7280 of the same article in the statute [V.A.M.S. § 430.040] provides that, when a written memorandum is obtained from the owner, the lien shall be good as against any person who shall purchase with notice of the lien. When these two sections are construed together we think they mean to take no right away from an artisan, but meant to give him two rights which he did not have at common law. The statute gives him the right to a lien for the price or value of storage which he did not have at common law. * * *

"It is familiar law that statutes which are in derogation of common law are to be strictly construed. That means, as we understand the rule, that no statute is to be construed as taking away from a party any right existing under the common law unless such construction is clearly required by the language of the statute. No language in our statute pretends to destroy any existing right. As to labor and material furnished, the artisan had a lien under the common law before the statute was enacted. The statute then should not be construed as taking that right away without an express provision to that effect. Our conclusion is that the common law lien of an artisan, as was this defendant's, was not destroyed by the statute, and,

since defendant insisted on retaining possession of the car on which he had expended labor and furnished material until his rightful charges were paid, he was merely asserting his common-law right, and the plaintiff cannot deprive him of possession by replevin or otherwise until these charges are paid."

In the Mack Motor Truck Corporation case, supra, 303 S.W.2d at page 700 [3], this same statute is construed. The court stated:

"These statutes did not abrogate the artisan's common-law lien for repairs. Except for the contrary ruling in Butterworth v. Soltz, 199 Mo.App. 507, 204 S.W. 50, subsequently repudiated in McCluskey v. De Long, 239 Mo.App. 1026, 198 S.W.2d 673, our three courts of appeals have unanimously held, and still do, that the enactment of Sections 430.010–430.050, V.A.M.S., creating the statutory lien, did not destroy or affect the Missouri artisan's common-law lien. It still exists in full force, with all of its original attributes. Bostic v. Workman, 224 Mo.App. 645, 31 S.W.2d 218; State ex rel. Rueseler Motor Co. v. Klaus, Mo.App., 281 S.W.2d 543. The Supreme Court acknowledges the existence of this lien. Hughes v. Aetna Ins. Co., Mo., 261 S.W.2d 942. Therefore, the Implement Company's artisan's lien for repairs exists, notwithstanding the failure to obtain a written memorandum signed by the owner of the truck. Furthermore, the statute, Section 430.040, contains no reference to priority except its provision that the lien it creates shall not take precedence over the lien of a chattel mortgage * * * '*duly filed or recorded in accordance with the laws of this state, without the written consent of the mortgagee or the legal holder of said chattel mortgage.*'

" * * * For when a court of last resort has declared the law, the Gen-

eral Assembly is presumed to be aware of that declaration when it adopts an enactment on the same subject. Jacoby v. Missouri Valley Drainage Dist. of Holt County, 349 Mo. 818, 163 S.W.2d 930; 26 Mo.Dig., Statutes, ☜211–222. Courts of appeals are courts of last resort. (See cases cited). Accordingly, when the General Assembly created the statutory lien, it must have known that the declared common law of this state then gave precedence to a Missouri artisan's lien over all recorded mortgage liens, and, * * * ". See authorities cited.

While we agree with appellant that it really was not necessary to go into all of the matters of the construction of the statutes here involved because under the facts in the Mack Motor Truck case, the Florida conditional sales contract was never recorded in Missouri, yet, the St. Louis Court of Appeals does fully discuss the issues in this case and fairly states the authorities in Missouri touching such point. Likewise, this case is cited by appellant.

Appellant cites Dickey v. Andover Inv. Co., Mo.App., 45 S.W.2d 1086. This case involves liens on lands for special taxes. It was a proceeding to determine priority by liens of tax bills held of equitable cognizance. The court states that equity looks on that as done which ought to have been done. In other words, appellant evidently cites this to sustain him as an equitable proposition.

He, likewise, cites 14 C.J.S. Chattel Mortgages §§ 297, 300, pp. 937 and 939. Section 300, p. 939, reads:

"Ordinarily, as already considered in the title Bailments § 35h, the mortgagor has no right to impose a lien for repairs on the mortgaged property superior to the mortgage, unless the facts indicate an implied consent on the part of the mortgagee that the

mortgagor may incur expenses for repairing the property.

"A lien for repairs imposed by a mortgagor in possession of a motor vehicle is in some jurisdictions regarded as inferior to that of the mortgagee, in the absence of the mortgagee's consent to the creation of a superior lien. The mortgagee's consent to repair is not implied from the mere fact of the mortgagor's possession or an agreement that the mortgagor should keep the machine in repair. In other jurisdictions the mortgagee of the vehicle by allowing the mortgagor to have possession of it for use is regarded as having impliedly consented to a bailment of the vehicle for reasonable repairs which enhance its value, and the lien of a repair man for such repairs is held superior to the claim of the mortgagee, notwithstanding an additional agreement between the mortgagor and mortgagee that the mortgagee shall pay for repairs, or even an agreement that no liens shall be incurred, since the law creates the lien and not the consent of the parties."

It is clear from reading the law as cited in 14 C.J.S. that the authorities in this country are divided. Some hold, as the Missouri courts do, that the artisan's lien is superior, while we believe the majority opinions in other states are to the contrary.

Appellant cites 10 Am.Jur., p. 858, § 217, which states this law:

"The view is taken by some authorities that the mortgage is superior, being prior in point of time, and therefore the priority to be determined by the fundamental proposition that a lien which is first in point of time is first in right. There is no commercial necessity which requires the giving of priority to a lien on an automobile for repairs. According to this theory, a mortgage which is on file affects the

artisan with notice and subjects him to the right of the mortgagee.

"The cases adhering to this theory reach a conclusion directly opposite from that reached by the cases adhering to the theory discussed in the preceding section and hold that it will not be presumed that an agreement exists between the mortgagor and the mortgagee that the mortgage lien shall give way to a subsequent artisan's lien, but such an agreement, if it exists, must be shown by clear and cogent evidence."

In § 215, p. 857, it is stated:

"The priorities between a chattel mortgage and an artisan's or mechanic's lien raise many complex questions. There are two directly opposite theories in the cases. One line of authorities holds that the artisan's lien has priority. The other line holds that it does not. As is true in the case of bailments generally, there is some authority for the proposition that the lien of an artisan or mechanic who has performed labor or services in connection with the subject of the mortgage is at common law or under a statute declaratory thereof, at least under special circumstances, superior to the prior existing lien of a chattel mortgage. * * *"

Appellant cites 36 A.L.R.2d, pp. 229 and 236. An examination thereof shows the holdings of most of the states on the question herein involved and the majority of such opinions supports appellant's contention but not the cases in Missouri. On page 231 it is stated:

"The courts which have felt that the artisan should be protected have, however, usually been unwilling to promulgate a clear-cut rule granting that preference as a matter of public policy, choosing to rely upon an inference of authority from the mortgagee to the mortgagor, permitting the latter to subject the mortgage debt to a subsequent repairman's lien.

"In a number of earlier cases, this inference has been based upon the circumstance that the mortgagee permitted the mortgagor to retain and use property likely to need repairs, and that the use was of a commercial nature, earning funds with which to liquidate the mortgage debt, so that the repairs were as beneficial to the mortgagee as to the mortgagor. In some later cases, this theory has been extended to afford priority wherever the mortgagor is permitted to keep and use the property, the element of benefit to the mortgagee being found in the preservation of his security. * * *"

We find after examining all of the authorities cited by both appellant and respondent, Missouri follows the minority rule that the artisan's lien has priority over a mortgagee's lien.

■ We are not impressed with the decisions of the Missouri courts on the issue here involved. Under the law as it now exists, a chattel mortgage must be filed or recorded in the county in which the mortgagor lives or resides, not only that, but such indebtedness must be noted upon the certificate of title of the owner of such car. An artisan who repairs such automobile has notice because of the recording of such instrument. He can readily protect himself either by examining the record or by seeing the title to the car. It would rather seem that the mortgagee, under our modern business conditions, is subjected to much greater hardships by the ruling of our courts than an opposite ruling would burden the artisan. However, we are fully convinced that Missouri follows the minority rule and to hold that the artisan's lien was not superior would conflict with the holdings of all of the courts of appeals. We, therefore, affirm the judgment of the trial court.

STONE, P. J., and RUARK, J., concur.