Warren JACKSON, d/b/a Trailer Refrigeration Service, Plaintiff-Respondent,

v.

Edwin L. KUSMER, d/b/a North Broadway Service Station, Defendant-Appellant.

No. 32473.

St. Louis Court of Appeals.

Missouri.

Jan. 17, 1967.

Morris B. Kessler, St. Louis, for defendant-appellant.

Forgey & Sindel, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

Plaintiff, the holder of a chattel mortgage on a trailer and a refrigeration unit installed therein, instituted this action in replevin to obtain possession of such equipment. In his counterclaim defendant as-

serted an artisan's lien or liens for two accounts totaling $798.81, for work and labor performed on the trailer. The court, sitting without a jury, adjudged defendant entitled to recover only the sum of $106.33 from plaintiff and the surety on his bond, from which judgment defendant appealed.

The case was tried in an unusual manner. Each party filed a memorandum of the facts and the law with the court, and then accepted the statement of facts as related by his opponent. The memoranda and stipulation are included in the transcript. The pertinent facts, as gleaned from those sources, are these: At some undisclosed time one Riley E. Tate, the owner of the trailer and refrigeration unit, executed a chattel mortgage thereon to plaintiff. The instrument was filed in Indiana, where Tate resided, and in Oklahoma, where plaintiff is located, but it was never filed or recorded in Missouri. Thereafter, on or about November 19, 1962, defendant, at its place of business in St. Louis, made repairs and performed various work on the trailer, in the amount of $577.48, pursuant to a written memorandum signed by Tate. While defendant was repairing the trailer, and after the work had been completed, defendant (apparently on several occasions) permitted Tate to use the trailer to enable him to earn money to pay defendant's repair bill, but Tate was required to and did return the trailer to defendant after each such use. Tate paid $50.00 on account on the repair bill. On April 3, 1963, while the trailer was in defendant's possession, Tate by a second written memorandum ordered additional repairs in the amount of $106.33, which defendant performed and completed by June 25, 1963. Tate thereafter became ill and died, and the trailer remained in defendant's possession until August 27, 1963, when it was taken from defendant and delivered to plaintiff under the writ of replevin.

■ Plaintiff conceded below, and the trial court found, that defendant was entitled to a lien in the amount of $106.33 for the repairs ordered by Tate on April 3, 1963.

Thus only the work performed by defendant pursuant to the written memorandum of November 19, 1962, is involved in the controversy. Plaintiff maintains, and the trial court apparently agreed, that defendant was asserting a common law artisan's lien, and that by delivering possession of the trailer to Tate defendant lost its lien, even though Tate's possession was only temporary and obtained under a promise to return the vehicle, which promise he kept. Plaintiff might be on firmer ground if defendant was in fact asserting a common law lien. For a common law artisan's lien depends on possession and the general rule is that the lien is lost if the lienholder voluntarily parts with possession of the vehicle to which it attaches. State ex rel. Rueseler Motor Co. v. Klaus, Mo.App., 263 S.W.2d 71. It has been held in some jurisdictions, however, that continuous physical possession of the vehicle is not a prerequisite to the retention of the common law lien, and that a temporary delivery to the owner, conditioned upon his promise to return the vehicle, is not such a surrender of possession as will deprive the artisan of his lien. Winton Co. v. Meister, 133 Md. 318, 105 A. 301; Consumers Petroleum Co. v. Flagler, 310 Ill.App. 241, 33 N.E.2d 751; Albemarle Supply Co. Limited v. Hind & Co., L.R. (1928), 1 K.B. 307; 61 C.J.S. Motor Vehicles § 747, p. 894; Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., Vol. 7A, § 5124, p. 699. The proposition that to waive the lien the surrender of possession must be both unconditional as well as voluntary has received some support in Missouri. Hughes v. Aetna Ins. Co., Mo., 261 S.W.2d 942, 951; Pallen v. Bogy, 78 Mo.App. 88.

It appears that in his counterclaim defendant merely asserted his right to possession of the trailer under "an artisan's lien", without specifying whether he claimed under a common law lien or under the statutory lien created by Section 430.020, RSMo 1959, V.A.M.S. But in his memorandum in the trial court he indicated, and

in this court he maintains, that he is entitled to a statutory lien. That section provides, in part, that " * * * every person who furnishes labor or material on any vehicle, part or equipment thereof, who shall obtain a written memorandum of the work or material furnished, or to be furnished, signed by the owner of such vehicle, part or equipment thereof, shall have a lien for the amount of such work or material as is ordered or stated in such written memorandum. * * *" And Section 430.-040 reads:

"1. No person shall have the right to take any such vehicle, part or equipment thereof, or any such horse, mule or other animal out of the custody of the person having such lien, except with the consent of said person, or upon paying the amount, lawfully due, for keep, storage, labor or material.

"2. Such lien shall be valid against such vehicle, part or equipment thereof, or against such horse, mule or other animal in the possession of any person receiving or purchasing the same, with notice of the lien claim; provided, however, that such lien shall not take precedence over or be superior to any prior lien on said property, created by any chattel mortgage on the same, duly filed or recorded in accordance with the laws of this state, without the written consent of the mortgagee or the legal holder of said chattel mortgage."

▮▮ It is now firmly established that common law liens have not been abolished by virtue of the enactment of those statutes; and that their principal effect has been to enlarge upon common law liens, in that if the artisan obtains a written memorandum from the owner his lien will continue, even after he has parted with possession of the vehicle, as against a purchaser or other person who takes possession with notice of the lien. State ex rel. Rueseler Motor Co. v. Klaus, supra; Mc-

Cluskey v. De Long, 239 Mo.App. 1026, 198 S.W.2d 673; Bostic v. Workman, 224 Mo.App. 645, 31 S.W.2d 218. In the instant case the parties stipulated that defendant obtained a written memorandum signed by Tate for the work performed as of November 19, 1962. The temporary and conditional transfer of the trailer to Tate did not, therefore, defeat defendant's lien, for Tate was aware of it. Hence defendant's lien on the vehicle, then in its possession, was still valid and binding on August 27, 1963, when plaintiff obtained possession of it by virtue of the writ of replevin. By the stipulation the plaintiff has also agreed to the fact, as stated in defendant's memorandum, that " * * * the plaintiff herein knew of the artisan's lien asserted by the defendant at the time of the Replevy * * *." Consequently, since § 430.040(2) provides that the statutory lien on a vehicle shall be valid against " * * * any person receiving * * * the same, with notice of the lien * * *" defendant's lien was effective and binding against plaintiff, unless plaintiff's prior chattel mortgage took precedence over defendant's lien.

▮▮ The concluding clause of § 430.040 (2) provides, in effect, that unless the written consent of the mortgagee or legal holder of the chattel mortgage is obtained, the statutory lien shall not take precedence over a prior chattel mortgage " * * * duly filed or recorded in accordance with the laws of this state, * * *." The agreed facts here are that the chattel mortgage executed by Tate was recorded in Indiana, where he resided, and in Oklahoma, where plaintiff is located, but that it was never filed or recorded in Missouri. The question of whether a prior foreign chattel mortgage never filed or recorded in Missouri is entitled to precedence over a statutory artisan's lien created in Missouri has been answered in the negative by this court in Mack Motor Truck Corp. v. Wolfe, Mo. App., 303 S.W.2d 697. For as we pointed

out in that opinion, it has long been the rule in this state that a Missouri common law artisan's lien takes precedence over a prior recorded Missouri chattel mortgage. Kirtley v. Morris, 43 Mo.App. 144; Stone v. Kelley & Son, 59 Mo.App. 214; Birmingham v. Carr, 196 Mo.App. 411, 197 S.W. 711; and while presumably aware of those declarations at the time it enacted § 430.040, the General Assembly elected to provide only that chattel mortgages duly filed or recorded in conformity with Missouri law should take precedence over an artisan's statutory lien. Never having been filed or recorded in Missouri, plaintiff's prior chattel mortgage is not, therefore, entitled to precedence over defendant's statutory artisan's lien.

From what we have said it follows that the judgment should be reversed and the cause remanded to the trial court with directions to enter a judgment against the plaintiff on his petition, and for the defendant on his counterclaim, in the sum of $633.81, the agreed value of the repairs made, or for the return of the trailer and refrigeration unit by plaintiff to defendant until said amount is paid, according to the option of the defendant. Mack Motor Truck Corp. v. Wolfe, supra; McCluskey v. De Long, supra.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is reversed and the cause remanded to the trial court with directions to enter a judgment against the plaintiff on his petition, and for the defendant on his counterclaim, in the sum of $633.81, the agreed value of the repairs made, or for the return of the trailer and refrigeration unit by plaintiff to defendant until said amount is paid, according to the option of the defendant.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.