Dear Representative Patterson:
You have requested our legal opinion on the following questions:
 1. Does a statutory lien for towing service arise when a company performs wrecker services upon order of a police department of a third class city police department [sic] following an accident?
 2. Can the wrecker service also acquire a statutory lien for storage of the vehicle?
In explanation of your questions, you state:
 A third class city in my district has a contract with a towing service. Following an accident when a vehicle is inoperable and the owner or operator is injured or does not summon a private wrecker of his own choice the police department contracts a private contractor to clear the roadway. Does the wrecker-towing service acquire a statutory lien against the vehicle under Section 430.020, RSMo 1978, or some other applicable portion of Missouri law?
The statute to which you refer provides:
 Every person who shall keep or store any vehicle, part or equipment thereof, shall, for the amount due therefor, have a lien; and every person who furnishes labor or material on any vehicle, part or equipment thereof, who shall obtain a written memorandum of the work or material furnished, or to be furnished, signed by the owner of such vehicle, part or equipment thereof, shall have a lien for the amount of such work or material as is ordered or stated in such written memorandum. Such liens shall be on such vehicle, part or equipment thereof, as shall be kept or stored, or be placed in the possession of the person furnishing the labor or material.
We read the first sentence of this statute as containing two independent clauses, separated by the semicolon*, with the first clause pertaining to the service of storage and the second clause pertaining to the service of repair. The statute does not in our opinion relate to the service of towing a vehicle.
We believe the first clause gives to a person who keeps or stores a motor vehicle a lien for those services that is not dependent upon the owners's prior consent. In this respect, it is in plain contrast to the second clause which clearly requires the owner of the vehicle to authorize in writing the service of repair either before or after it is rendered.
We are therefore of the opinion that if a police officer at the scene of a motor vehicle accident, in default of the owner doing so, summons a wrecker to remove an inoperable vehicle from a public street or highway, the person or company providing the service of towing and storage would be entitled under § 430.020 to a lien on the vehicle to secure the payment of a reasonable charge for storing but not fortowing the vehicle.
The courts have ruled that § 430.020 does not displace the common law artisan's lien, e.g., Bostic v. Workman,31 S.W.2d 218 (Mo.App., Spr. 1930); but since you have expressed interest only in statutory liens we will not further discuss or consider common law liens.
Although it applies only to members of the state highway patrol and county sheriffs, we observe that § 304.155 provides that such officers may authorize a service station or garage operator to remove from highway right-of-ways any motor vehicle left unattended for more than 48 hours and entitles the service station or garage to retain possession of the vehicle until paid reasonable towing and storage charges by the owner of the vehicle or the holder of a valid security interest thereon which is in default.
Very truly yours,
 JOHN ASHCROFT Attorney General
* The presence of a semicolon following the first "lien" is significant. In accepted usage the semicolon is employed as follows: "If two or more clauses grammatically complete and not joined by a conjunction are to form a single compound sentence, the proper mark of punctuation is a semicolon. . . . It is, of course, equally correct to write each of these as two sentences, replacing the semicolon with periods. . . ."The Elements of Style, William Strunk, Jr., 3rd Ed., pp. 5-6 (MacMillan Pub. Co., 1979).